BOND ELECTRIC CORPORATION, Respondent, *v.* GOLD SEAL ELECTRICAL Co., INC., et al., Appellants.

462

(Argued May 29, 1936; decided July 8, 1936.)

*Benjamin M. Alpert* and *Harry J. Gluskin* for appellants.

*Herman Aaron* and *Charles Adkins Baker* for respondent.

LEHMAN, J. The complaint sets forth a cause of action for breach of warranty. The allegations of damages are as follows:

" XIII. That the plaintiff did pay to the defendants on account of the tubes delivered to it by the defendants as herein set forth and on the faith of the defendants supplying the plaintiff with tubes of the kind and quality called for by said contract the sum of Two hundred and ninety-eight thousand four hundred and thirty-five and 03/100 Dollars ($298,435.03).

" That the tubes which were in fact delivered by the defendants to the plaintiff as hereinabove set forth after deducting tubes returned by the plaintiff to the defendants as above set forth would have been at the time of the delivery thereof by the defendants to the plaintiff of the value of Three hundred eighty-four thousand nine hundred and eighty and 69/100 Dollars ($384,980.69) if they had been of first class quality and material and equal to or better than similar types of tubes manufactured by Radio Corporation of America or Cunningham, as specified in Cunningham Tube Data Book above mentioned, and if the tubes so delivered which were not described in said data book had been at least equal to the specifications for similar tubes manufactured by Radio Corporation of America or Cunningham, referred to in paragraph Six of said contract. On information and belief, that the tubes actually delivered by the defendants to the plaintiff as hereinabove set forth, after deducting said tubes returned, were at the time of the delivery thereof by defendants to the plaintiff of the value of less than Fifty thousand Dollars ($50,000)."

The measure of damages for breach of warranty is the difference between the value of the goods delivered and

the value the goods would have had if they had conformed to the contract. If the plaintiff had paid the full purchase price it could recover these damages from the defendants. It is entitled to the damages even though it has not paid the full purchase price, though then the unpaid purchase price could be offset by the defendants against the damages which the plaintiff would otherwise recover. Damages and purchase price would, none the less, represent independent causes of action.

The answer controverted the allegations of the complaint. In addition the defendants pleaded a counterclaim for the purchase price. At the trial the plaintiff produced evidence to support the allegations of the complaint. The court charged the jury properly that " the measure of damages is the difference between the value of the tubes at the time of delivery to the buyer and the value which the tubes would have had, if they had conformed to the warranty. In other words, if your verdict is in favor of the plaintiff, you will award him such an amount as represents the difference between the value of the tubes at the time they were delivered and the value which the tubes would have had if they had been of the quality described in the warranty." The jury found for the plaintiff in the sum of $10,500. The trial judge thereafter set aside the verdict in favor of the plaintiff, dismissed the complaint and directed a verdict in favor of the defendants for the conceded amount of the unpaid purchase price. The Appellate Division reversed the judgment, entered upon the directed verdict in favor of the defendants, and reinstated the verdict of the jury in favor of the plaintiff.

We agree with the Appellate Division in so far as it held that the plaintiff by competent evidence established the breach of warranty as alleged in the complaint, and that it suffered damages. The trial judge, therefore,, erred in dismissing the complaint and directing a verdict in favor of the defendants for the full amount of their counterclaim. The question remains whether the plain-

tiff was entitled to a *judgment* for the damages awarded to it by the jury. Undoubtedly it is entitled to such a judgment only if the damages awarded by the jury represent the excess of the plaintiff's damages over the amount of the unpaid purchase price. If the damages awarded were measured in accordance with the charge, *i. e.,* " the difference between the value of the tubes at the time of delivery to the buyer and the value which the tubes would have had, if they had conformed to the warranty " without deduction or offset of the amount of the purchase price, then it is clear that the defendants are entitled to judgment upon their counterclaim for the excess of the unpaid purchase price over damages awarded to the plaintiff upon its cause of action. (Civ. Prac. Act, § 477.)

The trial judge charged that "As to the first counterclaim, if you find a verdict in favor of the plaintiff in the case brought by the plaintiff, then your verdict in the counterclaim should be in favor of the plaintiff." The Appellate Division held that this charge is correct because the plaintiff is " not suing to recover damages generally for breach of warranty but for damages in excess of the value of all the tubes delivered." (244 App. Div. 206, 208.) That statement is not entirely accurate. The complaint inferentially admits that against any damages plaintiff may prove the defendants are entitled to offset the amount of the unpaid purchase price; none the less the complaint set forth a cause of action for damages generally for breach of warranty and the defendants properly pleaded a counterclaim for the unpaid purchase price admittedly due. Under these pleadings the plaintiff was entitled to an award of any damages caused to it by the defendants' breach of warranty though if such damages were less than the conceded counterclaim, the defendants would be entitled to recover judgment for the excess. If the trial judge had charged that the plaintiff was entitled to no award of damages unless such damages

exceeded the unpaid purchase price, and that otherwise the defendants were entitled to a judgment for the full price of the goods, only the plaintiff could have complained. The judge did not so charge. On the contrary, he told the jury that if they found that the defendants had breached their warranty the plaintiff was entitled to the consequent damages and that then the jury must *also* find for the plaintiff upon the counterclaim. Perhaps the jury, without instructions from the judge, did in fact deduct from the damages which it found the plaintiff suffered the amount of the unpaid purchase price for which the defendants counterclaimed and which the plaintiff admitted is due. We may not indulge in such conjectures at the possible expense of the defendants. We must assume that the jury followed the instructions as given by the judge rather than their own notion of what is right.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LOUGHRAN and FINCH, JJ., concur; O'BRIEN, HUBBS and CROUCH, JJ., dissent.

Judgments reversed, etc.