■ REMBRANDT INDUSTRIES, INC., Respondent, v. HODGES INTERNATIONAL, INC., Appellant.— Order entered in the Supreme Court, New York County, on March 22, 1974 denying defendant's motion for dismissal of the complaint upon the grounds that there has been a prior arbitration and award, affirmed, without costs or disbursements, and with leave to defendant to plead res judicata as an affirmative defense. The record does not clearly establish that plaintiff's counterclaim for breach of warranty was considered by the arbitrators. Special Term, in denying the motion to dismiss, expressly found " that plaintiff's present action seeking damages for defendant's breach of warranty in delivering defective goods, was excluded from the disputes submitted to arbitration, as the letter from the arbitration body to the parties indicates." There is support in the record for this finding. We agree with the dissent that if the arbitrators passed on the quality of the goods and found them not to be defective, the award would bar this action. But the court is the proper forum for determination of the application of res judicata. (Matter of Weinberger, 41 A D 2d 620.) The availability of the judgment entered upon the award in appellant's favor as a bar to the present action depends upon the controversy which the award finally determined. (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199, affd. 300 N. Y. 586.) This should not be difficult to establish by competent evidence. Concur — McGivern, P. J., Nunez, Lupiano and Capozzoli, JJ.; Steuer, J., dissents in the following memorandum: On August 30, 1971, the parties entered into an agreement for sale by defendant of 100,000 pounds of yarn to plaintiff. Invoices were not paid, the plaintiff, buyer, claiming that the yarn was defective. Defendant instituted arbitration proceedings in accord with the contract. In the arbitration proceedings before the General Arbitration Council of the Textile Industry the buyer attempted to assert a counterclaim for breach of warranty. According to the rules of the council the claim was asserted too late and it was within the province of the arbitrators to entertain or reject it. The arbitrators refused to entertain it. There is proof that evidence as to the quality of the yarn delivered was taken. The arbitrators found in favor of the seller, defendant here, and an award for the full purchase price was made. Whereupon this action for breach of warranty was begun. The defendant moved to dismiss on the ground that the issue had been determined in the arbitration proceeding. Special Term denied the motion. A majority of this court votes to affirm with leave to defendant to plead res judicata. The holding in effect is that if defendant can establish that the arbitrators passed on the question of the quality of the yarn, their finding will preclude the plaintiff. Had the seller brought an action for the purchase price, it might not be incumbent on the buyer to defend or enter a counterclaim (Bond Elec. Corp. v. Gold Seal Elec. Co., 271 N. Y. 461, 464). Whether this would be so held today, when the pressures of increasing litigation more and more require parties to assert whatever claims they have or to forgo them, is doubtful. The range of res judicata is rightly being extended from those claims actually decided to any claim that could have been asserted. In arbitration that point has long since been reached. In Matter of Springs Cotton Mills (Buster Boy Suit Co.) (275 App. Div. 196, affd. 300 N. Y. 586), the buyer attempted to do just what the buyer here is doing. He refrained from participating in the arbitration and, after an award, asserted a claim for breach of warranty. It was not allowed. The court there said, in refuting the argument that the claim for breach of warranty is an independent action not precluded unless tried on the merits: " The principle of the Honsinger case does not apply to an arbitration proceeding. * * * A judgment entered upon such an award is res judicata of all matters reasonably comprehended in the dispute submitted to the arbitrators "

(p. 199). And further (p. 200) : "It is argued that the judgment entered upon the award is nothing more than a default judgment on the seller's claim for the purchase price and, at best, a nonsuit as to Buster Boy's cause of action for breach of warranty. The difficulty with respondent's position is that the provisions of law applicable to actions generally do not apply to arbitrations. If they did, the salutary purpose of arbitration would be defeated." And: "By rendering an award in favor of Springs for the full amount of the invoice, the arbitrators necessarily found that there were no defects in the material delivered. The award, therefore, constituted a final and binding determination of that issue and precludes a *de novo* determination of the same issue in a subsequent arbitration" (p. 200). The only difference between the cited case and the one at bar is that in the former the plaintiff defaulted in appearance and in the latter the default was in asserting the claim. In both cases the arbitrators necessarily had to pass on the quality of the goods, and the case at bar is stronger in that the party asserting the defective quality participated and contested the issue. Whether the arbitrators would have given the buyer an award had it proved the yarn to be faulty is an academic question. The order should be reversed and the motion to dismiss granted.