■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ERNESTO ARVELO, Appellant, et al., Defendant.—In an action to declare, *inter alia*, that a certain insurance policy issued by plaintiff had been validly canceled as of October 29, 1977, defendant Arvelo appeals from so much of an order of the Supreme Court, Nassau County, entered August 8, 1979, as, upon granting renewal, adhered to its original determination denying a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 5). Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, order dated May 16, 1979 vacated insofar as it denied Arvelo's motion to dismiss the complaint and the motion to dismiss is granted. Defendant Ernesto Arevlo, injured in an automobile accident, sought recovery of first-party benefits from plaintiff (GEICO) the insurer of one Molina. Upon GEICO's disclaimer of liability based upon a purported cancellation of the driver's policy prior to the accident, Arvelo opted to proceed to arbitration. Prior to commencing the proceeding, the parties stipulated that the only issue before the arbitrator would be whether the policy had been effectively canceled; a negative determination would result in GEICO's liability to pay first-party benefits. The arbitrator held against GEICO and the master arbitrator affirmed that determination, albeit on other grounds. GEICO now seeks *de novo* adjudication of the entire matter pursuant to subdivision 2 of section 675 of the Insurance Law. However, as asserted by appellant in moving to dismiss the complaint, subdivision 2 of section 675 requires an award by the master arbitrator of $5,000 or greater as a prerequisite to *de novo* adjudication. The instant determination, as the result of the parties' prearbitration stipulation, did not reach the question of benefits due; this silence is fatal to GEICO's complaint, for the requirements of the statute thus have not been met. The parties agreed to chart the procedural course by which appellant's claim would be heard in arbitration.

Having thus agreed, GEICO may not now complain of the consequences (see *Matter of Malloy,* 278 NY 429; *Stevenson v News Syndicate Co.,* 302 NY 81, 87; *Cullen v Naples,* 31 NY2d 818). Mollen, P. J., Cohalan, Margett and O'Connor, JJ., concur.