OPINION OF THE COURT
Shanley N. Egeth, J.
Plaintiff herein, Government Employees Insurance Company (GEICO), seeks a de novo adjudication in the nature of a declaratory judgment that the defendant Silverberg is ineligible for no-fault insurance P.P. benefits because she was injured in an accident while a passenger on a vehicle claimed to be a motorcycle, whose occupants are excluded by statute from the collection of such benefits.
PRIOR HISTORY
The complaint herein sets forth that after the claim for benefits was asserted, defendant demanded arbitration on her no-fault claim and that an arbitration was held at the American Arbitration Association before an arbitrator who made an award in which he decided “that the sole question involved was whether the vehicle that defendant *176 was a passenger on ‘was a motorcycle or a motor vehicle required to furnish proof of financial security’, and he held that the vehicle *** ‘was not that type of motorcycle requiring financial security’ and that the defendant was entitled to receive personal injury protection”. This “expedited arbitration award” was appealed to a master arbitrator, who affirmed the original award.
Plaintiff contends that the medical bills involved in this case exceed $5,000, and that it is therefore entitled to a judicial de novo adjudication, despite the decision of the master arbitrator, pursuant to the provisions contained in subdivision 2 of section 675 of the Insurance Law (11 NYCRR 65.17 [i] [1] [ii]).
MOTION
Defendant has moved pursuant to CPLR 3212 for summary judgment and dismissal of the complaint upon the ground that the award in the arbitration proceeding is binding and conclusive as a matter of law, and the de novo judicial determination sought herein is not available under the facts in the instant case, because the award was not in the sum of $5,000 or greater.
DETERMINATION
The motion herein must be granted and the complaint dismissed. Under the facts presented the arbitration award is conclusive and binding upon the parties, and a subsequent judicial de novo determination of the issue is unavailable.
Review of a master arbitrator is governed by section 675 of the Insurance Law, reading in pertinent part as follows: “The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator’s award is five thousand dollars or greater, exclusive of interest and attorney’s fees, the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo.” (Emphasis added.) The New York State master arbitrator regulations (11 NYCRR 65.17 [i] [1]) contain the same criteria to authorize a de novo review.
*177 The fact that total monetary benefits to which the defendant may now or ultimately be entitled does or will exceed $5,000 cannot change the character of the nonmonetary arbitrator’s award into one in an amount greater than $5,000. The right to the statutorily created de novo adjudication is only exercisable upon the existence or occurrence of the condition precedent of a $5,000 or greater award required therein. The parties voluntarily submitted to and proceeded with an arbitration in which the sole issue to be determined was the nature of the vehicle involved and the general eligibility for benefits. Upon the framing of this issue no monetary claims were presented for validation and only a nonmonetary award was possible. Either party was free to seek a further determination of monetary claims, or a prior judicial order requiring such consideration or deferring the proceeding until such claims could be determined therein. They chose not to do so and rather participated in a proceeding which, of necessity, would result in a nonmonetary award. In so doing, they charted their own procedural course as to the arbitration, and neither may now complain of the consequences (Cullen v Naples, 31 NY2d 818; Stevenson v News Syndicate Co., 302 NY 81, 87). The statute must be strictly construed as to the existence of the right to de novo judicial adjudication, and the right thereto must be denied if the prior determination results in a nonmonetary award (Government Employees Ins. Co. v Arvelo, 76 AD2d 854). To give credence to plaintiff’s rationale would expose almost any award, whether monetary or nonmonetary, to subsequent de novo judicial determination, if additional covered expenses are subsequently to be incurred. It could require relitigation of innumerable monetary awards upon the premise that additional bills will be incurred to ultimately total a combined sum in excess of $5,000. This would make a shambles of the existing statutory scheme providing for an expeditious, simple nonjudicial determination of rights as to entitlement to no-fault benefits.
DECISION
The motion for summary judgment is granted. The complaint is dismissed. Defendant may enter judgment, with a bill of costs.