■ In the Matter of the Arbitration between UTICA MUTUAL INSURANCE COMPANY, Appellant, and EUGENE BERNINO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered August 5, 1981 in Albany County, which denied petitioner Utica Mutual Insurance Company's application for an order denying respondent Bernino increased lost wage no-fault insurance benefits awarded in arbitration. Respondent Bernino, petitioner's insured, was injured October 1, 1979, and filed for no-fault benefits. Petitioner calculated his lost wage benefit according to respondent's 1978 income tax return and commenced monthly payments of $493.69. Respondent's application for increased wage benefits, based on the fact that shortly before he was injured he had accepted a job offer which would result in substantially greater income than he earned in 1978, was denied and the dispute arbitrated. The arbitrator awarded respondent $10,543, together with attorney's fees and interest, and on April 13, 1981 the master arbitrator affirmed that award in its entirety. Proceeding by notice of petition and petition, which was timely served, petitioner then sought a trial *de novo*. Special Term denied the petition, treating it solely as one pursuant to CPLR 7511 and finding no grounds for vacatur or modification of the award. This appeal followed. We affirm. A master arbitrator's decision is binding except for the grounds for review set forth in CPLR article 75. However, when the master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees, either party is also accorded the option of instituting "an *action* in a court of competent jurisdiction to adjudicate the dispute de novo" (emphasis added) (Insurance Law, § 675, subd 2). The avenues of review are discretely different; a special proceeding or an action, and the distinction between the two is well settled (see *Matter of Callahan [Kathan]*, 262 App Div 398, mot for lv to app dsmd 287 NY 743). Having chosen to resort to a special proceeding, a trial *de novo* was not among the grounds of relief available to the reviewing court under CPLR article 75. Although the petition sufficed to supply notice that the insurer was entitled to institute a court action to adjudicate the dispute between the parties and hence to that extent satisfied 11 NYCRR 65.17 (i) (2), that action was in fact not commenced for a summons and complaint was never served. If prompt compensation of automobile accident victims, a prime purpose of the no-fault law (*Musolino v American Consumer Ins. Co.*, 51 AD2d 1036), is to become a reality, a literal interpretation governing court review of master arbitrator's awards is not inappropriate, otherwise that statutory goal will be subjected to frustration by procedural delay. Order affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.