■ JAMES DEMOS, Appellant, v MARYLAND CASUALTY CO., Respondent. — In an action based upon an insurance policy to recover medical expenses for injuries incurred in an automobile accident, plaintiff appeals from an order of the Supreme Court, Nassau County (Oppido, J.), dated September 25, 1981, which granted defendant's motion to dismiss his complaint for failure to give timely notice of his intention to adjudicate the within dispute *de novo* pursuant to 11 NYCRR 65.11 (i) (2). Order affirmed, with $50 costs and disbursements. Pursuant to subdivision 2 of section 675 of the Insurance Law and 11 NYCRR 65.17 (i) (1), (ii) promulgated thereunder, a claimant may institute a court action to adjudicate a dispute *de novo* after he has received an adverse ruling by the master arbitrator. Both of these provisions, however, contain a threshold requirement of a $5,000 or greater award by the master arbitrator before a *de novo* review may be had. The record herein reveals an award by the master

arbitrator of $3,842.49. Since plaintiff chose to proceed with this dispute by means of arbitration and since he fails to meet the threshold amount provided in the statute for *de novo* adjudication of claims previously brought before the arbitrator, the complaint was properly dismissed. (See, generally, *Government Employees Ins. Co. v Arvelo,* 76 AD2d 854; *Government Employees Ins. Co. v Silverberg,* 111 Misc 2d 175.) Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.