OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by defendant for an order, pursuant to CPLR 3211 (subd [a], par 7), dismissing the complaint on the ground that the complaint fails to state a cause of action, is determined as set forth below.
BACKGROUND AND CONTENTIONS
On April 22, 1980, defendant Veronica Becker was involved in an auto accident. Plaintiff is the no-fault carrier which denied further benefits to defendant on March 12, 1981. Thereafter, defendant initiated a no-fault arbitration which resulted in an award to her for lost wages in the sum of $5,463.43. The plaintiff appealed the decision of the arbitrator to a master arbitrator who sustained the arbitrator’s award.
Plaintiff then commenced this declaratory judgment action seeking a declaration that defendant is not entitled to no-fault benefits. The thrust of the complaint is set forth in paragraph 9 thereof, as follows: “9. That the Master Arbitrator sustained the award of the arbitrator and within the time frame set forth by the regulations of the Insurance Department of the State of New York plaintiff instituted this action to adjudicate the dispute de novo.”
*807 Defendant contends that since the master arbitrator merely affirmed the award of the original arbitrator, there was no award by the master arbitrator himself of “$5000 or greater”, and, therefore, plaintiff is not entitled to a trial de novo.
DETERMINATION
The original arbitrator was Sheldon J. Turtletaub, Esq., whose award, dated July 7, 1982, adhered to his prior award in the sum of $5,463.43 for loss of wages. The master arbitrator was Edward Resnick, Esq., whose award, dated September 24, 1982, provided that “the arbitrator reached his award in a rational manner and further that the evidence was sufficient as a matter of law to support said determination.” The award was “affirmed in its entirety”.
Subdivision 2 of section 675 of the Insurance Law provides as follows:
“2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.
“An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator’s decision by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator’s award is five thousand dollars or greater, exclusive of interest and attorney’s fees, the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo” (emphasis supplied).
*808 11 NYCRR 65.17 (Insurance), sets forth the rules and regulations with regard to a master arbitrator under subdivision 2 of section 675 of the Insurance Law. 11 NYCRR 65.17(i) provides as follows:
“(i) Appeal from master arbitrator’s award. (1) A decision of a master arbitrator is final and binding, except for:
“(i) court review pursuant to an article 75 proceeding; or
“(ii) if the award of the master arbitrator is $5,000 or greater, exclusive of interest and attorney’s fees, either party may, in lieu of an article 75 proceeding, institute a court action to adjudicate the dispute de novo.”
The role of the master arbitrator in a no-fault insurance case is to review the determination of the arbitrator to insure that the arbitrator reached a decision in a rational manner; that the decision was not arbitrary and capricious; and that the decision was not incorrect as a matter of law or was in excess of policy limits. Such a review does not constitute a de novo review of the matter originally presented to the arbitrator. (Matter of Petrofsky v Allstate Ins. Co., 54 NY2d 207.)
However, where there is a nonmonetary arbitrator’s award, there can be no de novo adjudication. (Government Employees Ins. Co. v Arvelo, 76 AD2d 854; Government Employees Ins. Co. v Silverberg, 111 Misc 2d 175.)
Applying the above principles of no-fault master arbitrator law to the facts in this case, it is clear that the master arbitrator’s award which affirmed a money award by the arbitrator in excess of $5,000 is within the purview of subdivision 2 of section 675 of the Insurance Law and the procedures in 11 NYCRR 65.17 which entitle plaintiff to a trial de novo.
Defendant’s contention that the master arbitrator’s award must be in a monetary amount in order to be entitled to a trial de novo is misplaced. Whether the master arbitrator awarded the sum himself or affirmed the arbitrator’s award is immaterial. The unmistakable intent of the Legislature was to permit a trial de novo in a case where the arbitrator rendered a monetary award in excess of $5,000, which award was affirmed by the master arbi *809 trator. This court acquires subject matter jurisdiction of this action if the award of the arbitrator is $5,000 or greater.
The fact of the matter in this case is that the master arbitrator affirmed an award of greater than $5,000 and the consequences of his affirmance have the same effect as if he had himself made the award.
Accordingly, this motion by the defendant to dismiss the complaint herein, is denied.