■ RAYMOND HENDERSHOT, Appellant, v UTICA MUTUAL INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered May 9, 1983 in Broome County, which granted defendant's motion to dismiss the complaint. ¶ On February 23, 1980, plaintiff injured his back in a single vehicle accident while operating a motor vehicle owned by his employer. Plaintiff received no-fault insurance benefits until October 27, 1980, when further benefits were denied because of his failure to furnish medical reports substantiating his disability beyond that date, verify his claimed loss of earnings and identify his current employer. Thereafter, plaintiff, pursuant to subdivision 2 of section 675 of the Insurance Law, submitted the dispute to binding arbitration, claiming loss of earnings from October 27, 1980 through February 27, 1982. ¶ The arbitrator denied plaintiff's claim in its entirety. Plaintiff appealed to a master arbitrator and the master arbitrator upheld the arbitrator's decision after concluding that the evidence supported the arbitrator's decision. Plaintiff then commenced the instant litigation. Special Term granted a motion by defendant to dismiss the complaint made pursuant to CPLR 3211 (subd [a], pars 2, 5, 7). Special Term held that plaintiff's first cause of action could not be adjudicated *de novo* because, contrary to the requirements of subdivision 2 of section 675 of the Insurance Law, plaintiff did not receive an arbitration award of $5,000 or more. Special Term further held that the part of the second cause of action which encompasses the period from February 27, 1982 through August 3, 1982 was barred by the doctrine of *res judicata* or claim preclusion, and that the remainder of the second cause of action was barred by the doctrine of collateral estoppel or issue preclusion. This appeal followed. ¶ There should be an affirmance. Special Term correctly dismissed plaintiff's first cause of action seeking a trial *de novo* pursuant to subdivision 2 of section 675 of the Insurance Law since the award of the arbitrator was not in the sum of $5,000 or greater, a threshold requirement for a *de novo* proceeding (*Demos v Maryland Cas. Co.,* 89 AD2d 1006; *Government Employees Ins. Co. v Arvelo,* 76 AD2d 854). ¶ Plaintiff's second cause of action sought no-fault benefits for the period from February 27, 1982 until February 23, 1983. Special Term properly dismissed this cause of action as well. We note that plaintiff sought a *de novo* determination as to his loss of earnings as if the arbitration proceeding had not transpired. As to the period of February 27, 1982 to August 3, 1982, we find that this period was encompassed in the arbitrator's award and that Special Term lacked subject matter jurisdiction over this time frame since plaintiff had not pursued relief on grounds set forth in CPLR 7511 (subd [b], par 1), as

required by subdivision 2 of section 675 of the Insurance Law. The period of August 3, 1982 to February 23, 1983, for which plaintiff also sought no-fault benefits, was properly dismissed as barred by collateral estoppel. Plaintiff had an opportunity to fully litigate the issue of his reduced earnings at the arbitration proceeding and, having failed to do so, was precluded from raising the point anew (see *Gilberg v Barbieri*, 53 NY2d 285). ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.