■ AETNA LIFE & CASUALTY COMPANY, Appellant, v BRETT R. DUTHIE, Respondent. — Order unanimously modified, on the law, to grant summary judgment to defendant and, as modified, affirmed, with costs to defendant. Memorandum: In this action to adjudicate a dispute *de novo* (Insurance Law, § 5106, subd [c], formerly § 675, subd 2), plaintiff moved for summary judgment declaring that it is not required to pay no-fault benefits for medical expenses incurred for the care and treatment of injuries suffered by defendant. Special Term erroneously treated the motion as one to vacate an arbitrator's award (CPLR 7511) and denied the motion. Nevertheless, we affirm and grant to defendant summary judgment dismissing the complaint.

Plaintiff is the insurer of a motor vehicle owned by defendant's father, Robert Duthie. On July 24, 1981, defendant, then three years old, sustained an injury to his left eye when it came in contact with the radio antenna of Robert Duthie's automobile. A dispute arose between the parties as to plaintiff's liability to pay first-party benefits on behalf of defendant. The sole issue submitted to arbitration by the parties was whether defendant sustained personal injuries arising out of the use or operation of a motor vehicle (see Insurance Law, § 5103, subd [a], par [1], formerly § 672, subd 1, par [a]). The arbitrator's finding that he did was affirmed by the master arbitrator, who concluded that "the arbitrator correctly decided that the injury arose out of the use of the automobile." The master arbitrator's decision also notes that the award "determines all the no-fault policy issues submitted to this Master Arbitrator pursuant to 11 NYCRR 65.17."

Subdivision (c) of section 5106 of the Insurance Law provides, in relevant part, that where the amount of the master arbitrator's award is $5,000 or greater, the insurer or claimant may

institute an action to adjudicate the dispute *de novo*. If we are to accomplish the purposes of the No-Fault Law (Insurance Law, art 51, former art XVIII) (see *Musolino v American Consumer Ins. Co.*, 51 AD2d 1036), it is necessary that we adhere strictly to the statutory provisions limiting judicial review of master arbitrator's awards (*Matter of Utica Mut. Ins. Co. [Bernino]*, 88 AD2d 680; see *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 210).

Here, the parties charted their course by submitting to arbitration only their dispute as to plaintiff's liability. No issue was submitted as to "the amount [there]of" as is authorized by statute (Insurance Law, § 5106, subd [c]) and neither the arbitrator nor the master arbitrator made any monetary award. Thus, there is lacking the essential statutory predicate for an action to adjudicate the dispute *de novo* (*Demos v Maryland Cas. Co.*, 89 AD2d 1006; *Government Employees Ins. Co. v Arvelo*, 76 AD2d 854; *Government Employees Ins. Co. v Silverberg*, 111 Misc 2d 175; cf. *State Farm Mut. Auto. Ins. Co. v Becker*, 118 Misc 2d 806). The complaint must be dismissed. (Appeal from order of Supreme Court, Onondaga County, Hayes, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.