■ In the Matter of MARY SANSIVIERO, Appellant, v ROYAL GLOBE INSURANCE COMPANY, Respondent. (And Two Other Proceedings.) — In (1) a proceeding to vacate an arbitration award concerning reimbursement for medical expenses, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated March 11, 1982, which denied the application to vacate the award, (2) a proceeding to vacate an arbitration award concerning reimbursement for lost wages, the appeals are (a) from a judgment of the same court (Brucia, J.), dated April 6, 1983, which denied the application to vacate the award and (b) as limited by the appellant's brief, from so much of an order of the same court (Brucia, J.), dated July 7, 1983, as upon reargument, adhered to the original determination, and (3) an action, *inter alia*, to recover under a policy of automobile insurance, the appeal is from an order of the same court (Doyle, J.), dated June 8, 1983, which dismissed the complaint.

Appeal from the judgment dated April 6, 1983, dismissed as academic. Said judgment was superseded by the order dated July 7, 1983, which was entered upon reargument.

Judgment dated March 11, 1982, and order dated June 8, 1983, affirmed and order dated July 7, 1983, affirmed insofar as appealed from.

Respondent is awarded one bill of costs.

Appellant was injured in an automobile accident on February 22, 1980. "First party benefits" for appellant's medical treatment and economic loss were paid by the respondent insurance company without dispute in the sum of $1,375.92 per month until September 30, 1980. Thereafter, respondent denied all benefits, and appellant demanded arbitration. In accordance with the Insurance Department rules, the arbitration for "first party benefits" was divided into two parts, the first arbitration being referred to the Health Service Arbitration Forum for

disposition of the question of medical care, treatment, and medical bills, and the second arbitration being referred to the American Arbitration Association for disposition of the question of economic loss and disability.

On August 13, 1981, the Health Service Arbitration (HSA) panel made an award which denied appellant all reimbursement for medical treatment subsequent to September 30, 1980, on the ground "[t]hat the applicant['s] present complaints are not related to injuries sustained in [the] automobile accident of 2-22-80 and treatments subsequent [to] 9-30-80 were for conditions not related to the accident". The master arbitrator affirmed the award on the basis that the HSA panel's finding was neither arbitrary nor capricious. On or about January 21, 1982, appellant brought an article 75 proceeding in Supreme Court, Suffolk County, to vacate the award of the master arbitrator on the ground that the medical evidence established that her condition was disabling and was caused by the accident. On March 11, 1982, Special Term (Orgera, J.), denied appellant's application on the ground that appellant had failed to establish any of the circumstances required under CPLR 7511 (b).

On June 8, 1982, the American Arbitration Association (AAA) awarded appellant $20,250 in lost wages, finding that appellant's disability was causally related to her accident of February 22, 1980, and that the prior HSA finding was not binding on the issue of disability. The master arbitrator, however, vacated the award on November 5, 1982, finding that "[s]ince the A.A.A. arbitrator's determination that Applicant's disability was accident-related was predicated upon findings which were contrary to and inconsistent and irreconcilable with those explicitly expressed in the H.S.A. Award, his award of benefits for loss of earnings as a result thereof is wholly indefensible and cannot be sustained". On or about January 5, 1983, appellant moved to vacate the award of the master arbitrator on the ground that he exceeded his power in vacating the arbitrator's award. Special Term (Brucia, J.), denied appellant's application on April 6, 1983, on the grounds that it was untimely, and that, in any event, the master arbitrator's finding and his subsequent award were neither irrational nor an excessive exercise of power. On July 7, 1983, Special Term (Brucia, J.), granted reargument, and upon reargument found that the proceeding was timely, but that the master arbitrator's award was neither irrational nor an excessive exercise of power.

On or about December 14, 1982, appellant commenced an action against respondent requesting a trial of the dispute between the parties de novo pursuant to Insurance Law former

§ 675 (2) (now § 5106 [c]). Appellant sought a judgment awarding her reimbursement for medical expenses and economic loss since September 30, 1980 to the date of the complaint in the sum of $40,000. Respondent moved to dismiss the complaint, *inter alia,* on the ground that the arbitration award was for less than "five thousand dollars or greater, exclusive of interest and attorney's fees" (*see,* Insurance Law former § 675 [2] [now § 5106 (c)]). By order dated June 8, 1983, Special Term (Doyle, J.), granted respondent's motion to dismiss the complaint.

Special Term properly denied appellant's application to vacate the arbitration award concerning reimbursement for medical expenses since the award was not irrational (*see, Matter of Furstenberg [Aetna Cas. & Sur. Co. — Allstate Ins. Co.],* 49 NY2d 757; *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of Bamond,* 75 AD2d 812, *affd* 52 NY2d 957). Special Term's judgment which denied appellant's application to vacate the master arbitrator's award which had vacated the award of the primary arbitrator for lost wages as inconsistent and irreconcilable with the arbitration award dealing with medical expenses was also proper (*see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207; *American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184; *Matter of Government Employees Ins. Co. v Kozlowski,* 62 AD2d 1056; 11 NYCRR 65.16 [c] [3] [ii]; 11 NYCRR 65.16 [c] [7]). Finally, we note that Special Term properly dismissed the appellant's complaint since the master arbitrator's awards were less than $5,000 (*see, Demos v Maryland Cas. Co.,* 89 AD2d 1006; *Government Employees Ins. Co. v Arvelo,* 76 AD2d 854). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.