In the Matter of the Arbitration between JAMES GREENBERG, Respondent, and RYDER TRUCK RENTAL, INC., Appellant.

On February 19, 1980, Greenberg was struck from behind by a truck as he rode a bicycle on Seventh Avenue, thereby sustaining unspecified personal injuries. The truck did not stop, and Greenberg only saw that it was yellow and had a diamond-shaped logo on the side. Pursuant to an advertisement Greenberg placed in the *Village Voice,* a witness came forward who claimed he saw a Ryder truck strike Greenberg and continue driving. Upon Greenberg's request for arbitration of his right to no-fault benefits from Ryder, a hearing was held on May 21 and June 3, 1981 to determine Ryder's liability. The arbitrator held Ryder liable and a master arbitrator confirmed that determination on November 25, 1981. Ryder's application to obtain de novo judicial review of Greenberg's claim was denied as premature, since no determination as to damages had yet been made. By a health service arbitrator award dated August 16, 1983, Ryder was directed to pay Greenberg $15,483.85, and on January 9, 1984, that award was modified by a master arbitrator with respect to the manner of payment.

By petition returnable March 29, 1984, Ryder moved pursuant to Insurance Law § 675 to set aside the arbitration award and determination of liability on the ground that the evidence was insufficient to establish the identity of the truck which struck Greenberg. Justice Wallach dismissed the petition and affirmed the master arbitrator's award, finding that Ryder had

waived its right to judicial review by employing improper procedure. Special Term held that although Ryder's timely notice of petition and petition sufficed to supply notice of an intent to commence an action, an action was in fact not commenced, since the required summons and complaint were never served.

Insurance Law § 675 (2) provides that "the decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that when the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo." While technically an action is commenced by service of a summons and complaint, and not by petition, the clear and stated intent of the CPLR is to bar dismissals of actions where the court has jurisdiction and only an error in form is presented.

Accordingly, CPLR 103 (b), (c) state as follows:

"(b) Action or special proceeding. All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.

"(c) Improper form. If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.

The McLaughlin Practice Commentaries on CPLR 103 (McKinney's Consolidated Laws of NY, Book 7B, CPLR C103:3) note that dismissal of an action or special proceeding simply because it is brought in the wrong form is "forbidden." Rather, once jurisdiction is acquired, the court will retain it and direct that the action or proceeding continue in its appropriate form. (McLaughlin, Practice Commentaries, CPLR C103:3, p 17; *Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d 34 [1968], *cert denied* 393 US 1000 [1969]; *Matter of First Natl. City Bank v City of New York Fin. Admin.*, 36 NY2d 87, 93 [1975].) Accordingly, the CPLR, in favoring substance over form, provides for the conversion of actions or proceedings into their proper form. Jurisdiction was properly obtained herein, and petitioner's timely notice of petition and petition sufficed to supply notice of an intention to commence this action. Therefore, the court below erred in not converting the notice of petition and

petition into a summons and complaint and in not reviewing the case on its merits. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.