■ In the Matter of the Arbitration between JAMES GREENBERG, Appellant, and RYDER TRUCK RENTAL, INC., Respondent. —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 6, 1985, striking appellant Greenberg's three affirmative defenses, unanimously reversed, on the law, the motion denied and the defenses reinstated, with costs.

On February 19, 1980, appellant was struck from behind as he rode a bicycle on Seventh Avenue. He sustained personal injuries. The truck which struck him did not stop. A witness later came forward and stated that a Ryder truck had struck appellant and continued on its way without stopping. Appellant thereafter sought arbitration of his right to no-fault benefits from Ryder. Hearings took place on two days concerning only the issue of liability, which was determined against Ryder. A Master Arbitrator confirmed that determination in November 1981. Ryder thereafter moved, pursuant to Insurance Law former § 675, to vacate the arbitrator's ruling and to obtain de novo judicial review of Greenberg's claim.

By judgment and order, entered on October 21, 1982, Justice Gammerman dismissed Ryder's petition and affirmed the Master Arbitrator's award. In pertinent part, Justice Gammerman's order provided: "ADJUDGED that a truck owned and/or operated by RYDER TRUCK RENTAL, INC. did strike the claimant at 7th Avenue, New York on February 19, 1980 at approximately 8:30 A.M."

Ryder filed a notice of appeal. By order of this court, entered June 14, 1983, Ryder was directed to perfect its appeal for the September 1983 Term or the appeal would be dismissed for failure to prosecute. The appeal was not perfected and was thereafter withdrawn.

By a health service arbitration award dated August 16, 1983, Ryder was directed to pay Greenberg $15,483.85, which award was modified by a Master Arbitrator with respect to the manner of payment. Ryder then moved by petition, pursuant to Insurance Law former § 675, to set aside the arbitration award on the ground that the evidence was insufficient to establish the identity of the truck which struck Greenberg, and to vacate the monetary award. On August 14, 1984, Justice Wallach, then at Special Term, dismissed the petition and affirmed the Master Arbitrator's award because the notice of petition and petition were not the equivalent of a summons and complaint necessary to institute an action required by Insurance Law § 675.

By order dated April 18, 1985, this court reversed, holding that Ryder's timely notice of petition and petition were sufficient to supply notice of an intention to commence an action and there was, thus, no waiver. This court remanded "for further proceedings on the merits" (110 AD2d 585). After entry of this order, Greenberg served an answer and three affirmative defenses, all of which, in substance, urged that Ryder was estopped from a trial de novo on the issue of liability. Ryder moved to strike the three affirmative defenses on the ground that this court's ruling intended a trial de novo on the issue of liability and damages. In response, Greenberg urged that this court's order, granting a trial de novo, was limited solely to the issue of damages since Justice Gammerman's order was left unaffected and precluded relitigation on the issue of liability.

In the order now appealed from, Special Term concluded that our prior order did not bar Ryder from relitigating the issue of liability. We disagree. Justice Gammerman's order plainly determined that the Ryder truck had struck Greenberg. Although Ryder appealed from that order, it never prosecuted the appeal. Hence, the issue of liability is no longer open.

Insurance Law former § 675 (2)* provided, in pertinent part: "An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator's decision by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. *The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator's award is five thousand dollars or greater,* exclusive of interest and attorney's fees, *the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo."* (Emphasis added.)

No grounds for review authorized in CPLR article 75 have been set forth. The fact that the Master Arbitrator's award exceeds $5,000 is not a ground for setting aside the separate award as to liability. The monetary award was made long

* Now Insurance Law § 5106 (c).

after the prior determination of liability. Where there was before the arbitrator only one issue, which did not reach or concern itself with the question of benefits due, there is no right to a de novo adjudication of the Master Arbitrator's decision as to liability *(Government Employees Ins. Co. v Arvelo,* 76 AD2d 854; *Government Employees Ins. Co. v Silverberg,* 111 Misc 2d 175, *affd* 87 AD2d 501).

Judicial review of the Master Arbitrator's award as to liability was had before Justice Gammerman. The appeal to this court from Justice Gammerman's decision was ultimately withdrawn; hence, that order stands. The statute must be strictly construed as to the existence of the right to de novo judicial determination *(Aetna Life & Cas. Co. v Duthie,* 107 AD2d 1009, *appeal dismissed* 65 NY2d 898). The claim to de novo adjudication with respect to liability must be denied, since that determination resulted in a nonmonetary award.

Nothing in this court's prior opinion or order is to the contrary.

The parties having chosen their procedural course, no reason appears to depart therefrom *(Government Employees Ins. Co. v Arvelo, supra; Cullen v Naples,* 31 NY2d 818; *Stevenson v News Syndicate Co.,* 302 NY 81, 87). Concur—Sullivan, J. P., Asch, Fein, Milonas and Ellerin, JJ.