■ FRANK MATTHIAS, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, Government Employees Insurance Company (hereinafter GEICO) appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 7, 1986, which vacated the arbitration award denying the petitioner recovery under his policy of insurance.

Ordered that the order is reversed, on the law, without costs or disbursements, and the arbitration award is reinstated and confirmed.

Based upon the record before us, we cannot conclude that the arbitrator's award, as affirmed by the master arbitrator's determination, was irrational *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224; *Matter of Sansiviero v Royal Globe Ins. Co.,* 109 AD2d 840, 842, *lv denied* 66 NY2d 606). The record reveals that the petitioner failed to appear at three physical examinations scheduled by the appellant, a condition precedent to the collection of any benefits under the policy. While the petitioner attempted at a hearing to proffer excuses for his failure to appear on these three occasions, his testimony was rejected as incredible based upon inconsistencies between his explanations and the testimony of his wife. We see no basis upon which to disturb that finding. The arbitrator's determination was therefore rationally based upon the failure of the insured to comply with the condition precedent *(see, e.g., Averbuch v Home Ins. Co.,* 114 AD2d 827, 829; *Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.