*575
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 In this no-fault controversy, we must delineate the scope and nature of the judicial function in an "action to adjudicate the dispute de novo” pursuant to Insurance Law § 5106 (c) after the benefits phase of a bifurcated arbitration procedure is completed
 
 (see,
 
 11 NYCRR 65.16). The liability phase had been subject to prior narrow judicial review pursuant to CPLR article 75. We hold that the statutory de novo adjudicative role of the courts includes both liability and damages.
 

 Greenberg was allegedly struck and injured by one of Ryder Truck Rental’s (Ryder) vehicles. He sought arbitration against Ryder only as to liability under the bifurcated procedure adopted by the Superintendent of Insurance and set forth in 11 NYCRR 65.16. The first phase of the procedure provides for an arbitration hearing to determine liability and, if liability is found, the second phase proceeds to fix the amount of the award. The arbitrator found Ryder liable and a master arbitrator confirmed the determination. Ryder moved to vacate the liability ruling and to obtain de novo adjudication of Greenberg’s claim (Insurance Law § 5106 [c] [former § 675 (2)]). Special Term confirmed the liability determination of the master arbitrator under the provisions of CPLR article 75 and denied the application for de novo adjudication, as the issue of benefits had not been resolved. Ryder’s appeal to the Appellate Division was not perfected and was subsequently withdrawn.
 

 The second phase, addressing the benefits issue only, ensued under the bifurcated procedure. Ryder was directed to pay Greenberg $15,483.85. Ryder again sought de novo adjudication on the ground that the evidence was insufficient to establish that it was a Ryder truck which hit Greenberg. A procedural pleadings decision and appeal, not directly relevant here, intervened with the case being remanded for further
 
 *576
 
 proceedings
 
 (Matter of Greenberg [Ryder Truck Rental],
 
 110 AD2d 585).
 

 Greenberg’s answer eventually asserted affirmative defenses in the nature of estoppel, arguing in essence that the prior action confirming the arbitrator’s liability determination precluded a de novo adjudication of that aspect of the award. Special Term found for Ryder and concluded that the intervening proceedings did not preclude de novo adjudication of the liability issue.
 

 On Greenberg’s appeal, the Appellate Division, in the third appeal to that court, reversed and held that there was no basis for rereview under CPLR article 75; that the liability issue had been conclusively adjudicated on the first judicial proceeding and appeal; and, since the only issue in the second phase of the arbitration and second appeal concerned benefits, the liability issue could not be revived and made subject to a de novo adjudication under Insurance Law § 5106 (c)
 
 (Matter of Greenberg [Ryder Truck Rental]
 
 122 AD2d 752). On that direction, Supreme Court finally dismissed the complaint for de novo adjudication and awarded Greenberg $15,483.85 for no-fault medical payments.
 

 Ryder now appeals to this court from the final judgment of Supreme Court, which brings up the interlocutory order of the Appellate Division in the third appeal rejecting the de novo adjudication after the damages-only phase of a bifurcated arbitration determination. Ryder argues that once the $5,000 statutory threshold is satisfied, an action de novo on both liability and benefits is statutorily and explicitly mandated (Insurance Law § 5106 [c]). We agree and reverse.
 

 In pertinent part, Insurance Law § 5106 (c) provides: "[t]he award of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator’s award is five thousand dollars or greater * * * the insurer or the claimant may institute
 
 a court action to adjudicate the dispute de novo”
 
 (emphasis supplied). In establishing this preemptive judicial remedy, the Legislature allowed the Superintendent of Insurance to promulgate an underlying simplified arbitration procedure for resolution of no-fault disputes
 
 (see,
 
 Insurance Law § 5106 [b] [former § 675 (2)]). That procedure is the bifurcated process set forth in 11 NYCRR 65.16, employed in this case and responsible in part for the prolonged and proliferated judicial activity in this simple, single-issue case.
 

 
 *577
 
 The natural and plain words of the statute, as enacted prior to the promulgation of the Superintendent’s procedures, require that if the monetary predicate is satisfied, the entire subject matter in controversy, including both the liability and benefits components, is subject to plenary judicial determination.
 

 The governing rule of statutory construction is that courts should look first to the statutory language in question, which is to be "generally given its natural and most obvious meaning (McKinney’s Cons Laws of NY, Book 1, Statutes § 94;
 
 see, Association of Contr. Plumbers v Contracting Plumbers Assn.,
 
 302 NY 495, 500), and * * * if there is nothing to indicate a contrary intent, terms of general import will ordinarily be given their full significance without limitation (McKinney’s Cons Laws of NY, Book 1, Statutes § 114;
 
 Matter of Board of St. Opening,
 
 133 NY 329, 333-334)”
 
 (Price v Price,
 
 69 NY2d 8, 15;
 
 see also, Matter of Monarch Elec. Contr. Corp. v Roberts,
 
 70 NY2d 91, 98-99). Equally settled is the principle that the statutory language must be construed as a whole (McKinney’s Cons Laws of NY, Book 1, Statutes § 97;
 
 People v Mobil Oil Corp.,
 
 48 NY2d 192, 199).
 

 Applying the most obvious meaning to the statutory language and giving it full significance, "judicial review” of a master arbitrator’s award is limited to the grounds set forth in CPLR article 75 unless the award is $5,000 or more, in which case the entire dispute is subject to a "plenary judicial adjudication”, something very different from judicial review of some other entity’s determination
 
 (Matter of Petrofsky [Allstate Ins. Co.],
 
 54 NY2d 207, 210). The $5,000 award provision is simply a threshold to acquiring the de novo court adjudication
 
 (see, Aetna Life & Cas. Co. v Duthie,
 
 107 AD2d 1009, 1010). It may not be read to constrict the judicial role to the benefits issue only because the statute itself in this respect speaks of de novo judicial adjudication, not arbitral review.
 

 De novo adjudication of the liability issue should not be barred, under an estoppel-like theory, by the prior confirmation of the arbitrator’s liability determination under CPLR article 75 or by the dismissal of Ryder’s application for de novo adjudication because the liability confirmation was based on the narrow standard of "judicial review” and the application for the de novo adjudication was procedurally premature. Ryder never received what it was statutorily entitled to and the fact that the bifurcated arbitration procedure created by
 
 *578
 
 Insurance Department regulation has, in part, generated a glut of judicial proceedings in this one no-fault case cannot be held against Ryder. The statute speaks plainly for itself.
 

 The remaining issues raised by the parties are without merit.
 

 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the order of Supreme Court granting Ryder’s motion to strike the affirmative^ defenses reinstated.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.