■ COLONIAL PENN INSURANCE COMPANY, Appellant, v CARMEL D'AGUILAR, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award as directed the petitioner to pay to the respondent the principal amount of $5,292 as and for no-fault benefits for housekeeping services, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 10, 1988, which denied the application.

Ordered that the judgment is modified, on the law, by adding thereto a provision confirming the award, and as so modified, the judgment is affirmed, with costs to the respondent.

Contrary to the petitioner's contention, we find that the arbitrator's determination that the respondent provided adequate and reasonably timely notice of her claim for housekeeping services is supported by evidence in the record and is therefore not irrational. Moreover, the petitioner's contention that the receipts provided by the respondent were not in compliance with the regulations governing proofs of claim because they were not notarized is unavailing. There is no evidence that the petitioner ever requested the submission of sworn receipts *(see,* 11 NYCRR 65.11 [k] [3] [i]). In any event, the arbitrator did not act irrationally in relying upon the receipts as evidence of the housekeeping services rendered *(see,* 11 NYCRR 65.16 [c] [7] [xiii]; *Block v St. Paul Fire & Mar. Ins. Co.,* 137 AD2d 475; *Matter of Pierre [General Acc. Ins.],* 100 AD2d 705). Accordingly, the petitioner has failed to demonstrate any valid basis for vacatur of the award pursuant to the grounds set forth in CPLR 7511.

Finally, insofar as the petitioner belatedly requests that the instant CPLR article 75 special proceeding for judicial review be converted to a court action pursuant to Insurance Law § 5106 (c) for a de novo adjudication of the entire dispute, we note that such a conversion under CPLR 103 (c) is inappropriate in this case. The language of the notice of petition and petition overwhelmingly demonstrates that the petitioner elected to commence this proceeding pursuant to CPLR 7511 to vacate the arbitration award on the ground that it was

irrational rather than to commence a court action to obtain a de novo judicial adjudication on the merits *(see,* Insurance Law § 5106 [c]; 11 NYCRR 65.18 [i] [1] [ii]; *see generally, Matter of Greenberg [Ryder Truck Rental],* 70 NY2d 573). The lone reference in the petition to a "trial de novo" did not provide clear and unequivocal notice that the petitioner was seeking a de novo judicial adjudication on the merits *(cf., Matter of Greenberg [Ryder Truck Rental],* 110 AD2d 585). Accordingly, the award is confirmed *(see,* CPLR 7511 [e]). Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.