■ GENERAL ACCIDENT FIRE AND LIFE INSURANCE COMPANY, Respondent, v THEOPILOS AVLONITIS, Appellant.—In an action for a judgment declaring that the plaintiff is entitled to a de novo adjudication of a no-fault claim pursuant to Insurance Law § 5106 (c), the defendant appeals from an order of the Supreme Court, Queens County (DiTucci, J.), dated November 15, 1988, which denied his motion for summary judgment dismissing the complaint and for an award of counsel fees.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, it is declared that the plaintiff is not entitled to a de novo adjudication of the no-fault claim in question pursuant to Insurance Law § 5106 (c), the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of counsel fees to be awarded to the defendant, and the complaint is otherwise dismissed.

We find that the Supreme Court erred in concluding that the plaintiff insurer was entitled to commence an action for de novo adjudication of a no-fault claim pursuant to Insurance Law § 5106 (c). This statute permits de novo adjudication where the master arbitrator's award is $5,000 or greater (see also, 11 NYCRR 65.18 [i]). The record reveals that the master arbitrator denied the plaintiff's request for review of the arbitration award on the ground that the plaintiff failed to comply with applicable insurance regulations in seeking such review (see, 11 NYCRR 65.18 [d]). Since the master arbitrator did not issue any monetary award, the statutory predicate for de novo court adjudication has not been satisfied (see, Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573, 577; Aetna Life & Cas. Co. v Duthie, 107 AD2d 1009, appeal dismissed 65 NY2d 898; Government Employees Ins. Co. v Arvelo, 76 AD2d 854; see also, 11 NYCRR 65.18 [c] [4]).

We further find that the defendant is entitled to counsel fees pursuant to 11 NYCRR 65.18 (k) (4). Accordingly, the matter is remitted to the Supreme Court, Queens County, for a determination as to a proper counsel fee award.

Finally, we note that the defendant's request for an award of costs, pursuant to CPLR 8303-a, was not ruled upon by the Supreme Court. As a result, the matter technically remains pending and undecided (see, Katz v Katz, 68 AD2d 536). However, in view of the fact that the plaintiff was successful before the court of first instance, an assessment of costs, under

the criteria set forth in CPLR 8303-a, does not appear to be warranted. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.