■ GERALD A. HARLEY, Appellant, v UNITED SERVICES AUTO-MOBILE ASSOCIATION, Also Known as USAA, Respondent, et al., Defendant. [594 NYS2d 405] —Casey, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 27, 1992 in Rensselaer County, which granted a motion by defendant United Services Automobile Association to dismiss the complaint against it and denied plaintiff's cross motion for a default judgment.

As a result of injuries sustained when his vehicle was struck by a vehicle driven by defendant Richard Lamanna in February 1987, plaintiff filed a claim for first-party no-fault benefits with his insurer, defendant United States Automobile Association (hereinafter USAA). USAA paid no-fault benefits to plaintiff until August 1987, when it determined that plaintiff was no longer suffering from any disability resulting from the accident based upon an examination of plaintiff conducted by a physician retained by USAA. Plaintiff thereafter opted to submit the dispute over USAA's liability to pay no-fault benefits to arbitration pursuant to the fair claims settlement provisions of Insurance Law § 5106 (b). After a hearing and consideration of the relevant medical evidence, the arbitrator concluded that plaintiff was not entitled to no-fault benefits. The arbitrator's decision was affirmed by a master arbitrator.

In this action, plaintiff seeks a trial de novo or a new arbitration hearing upon the grounds of newly discovered evidence, misconduct of the arbitrator and incompetence of the master arbitrator. Plaintiff also seeks damages from Lamanna based, *inter alia,* upon Lamanna's negligent operation of his vehicle. Lamanna failed to answer or appear and USAA moved to dismiss the action against it. Contending that USAA's motion was served after the time to answer had expired, plaintiff cross-moved for a default judgment against USAA. Plaintiff also sought a default judgment against Lamanna. Supreme Court concluded that good cause had been shown to extend USAA's time to make the motion to dismiss and that plaintiff's proof of service on Lamanna was insufficient. Plaintiff's cross motion was, therefore, denied. As to USAA's motion, Supreme Court concluded that it lacked subject matter jurisdiction over plaintiff's claims against USAA and, therefore, granted the motion to dismiss the action against USAA. Plaintiff appeals.

Considering the short length of USAA's delay in moving to dismiss, the existence of a meritorious defense, the lack of prejudice to plaintiff and plaintiff's failure to move for a

default judgment prior to USAA's motion, we see no abuse of discretion in Supreme Court's decision to extend the time for USAA's motion *(see,* CPLR 2004; *A & J Concrete Corp. v Arker,* 54 NY2d 870). We also find no merit in plaintiff's claim that Supreme Court erred in failing to enter a default judgment against Lamanna. Although there is proof of service upon Lamanna pursuant to the "nail and mail" provisions of CPLR 308 (4), there is inadequate proof of compliance with the statutory due diligence requirement *(see, Fattarusso v Levco Am. Improvement Corp.,* 144 AD2d 626, *appeal dismissed* 73 NY2d 994, *lv denied* 74 NY2d 604).

Finally, we agree with Supreme Court that plaintiff's action against USAA must be dismissed. Pursuant to Insurance Law § 5106 (c), the award of a master arbitrator is subject to review only on the grounds set forth in CPLR article 75, and plaintiff concedes that he is not seeking CPLR article 75 relief. The statute also permits the insurer or the claimant to institute a court action to adjudicate the dispute de novo when the amount of the arbitrator's award is $5,000 or more (Insurance Law § 5106 [c]). Here, however, the master arbitrator made no monetary award and, therefore, the statutory predicate for de novo court adjudication has not been satisfied *(see, General Acc. Fire & Life Ins. Co. v Avlonitis,* 156 AD2d 424; *Hendershot v Utica Mut. Ins. Co.,* 101 AD2d 649). Supreme Court's order should be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.