■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v LAURIE MASTROPAOLO, Respondent. [628 NYS2d 519] —In a proceeding pursuant to 11 NYCRR 65.18 (i) to adjudicate de novo the respondent's no-fault insurance claims, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated January 19, 1994, which,

upon an order of the same court dated December 22, 1993, granting the respondent's motion to confirm the award of a master arbitrator dated January 19, 1993, and, in effect, granting reargument and, upon reargument, adhering to a prior determination contained in an order of the same court dated September 3, 1993, dismissing the petition, is in favor of the respondent and against it in the principal sum of $39,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the orders dated December 22, 1993, and September 3, 1993, are vacated insofar as reviewed, the respondent's motion to confirm the master arbitrator's award is denied, the petition is reinstated, the petition and the affidavit in support of the petition are deemed to be a summons and complaint, the proceeding is deemed to be an action, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the summons and complaint.

We agree with the petitioner that, under the particular circumstances of this case, the Supreme Court should have converted its special proceeding into a plenary action for a de novo determination of the issues that had been previously submitted to arbitration (see, Insurance Law § 5106 [c]; 11 NYCRR 65.18 [i] [1]; CPLR 103 [c]; Colonial Penn Ins. Co. v D'Aguilar, 151 AD2d 716). To the extent that the Third Department case relied upon by the Supreme Court (Matter of Utica Mut. Ins. Co. v Bernino, 88 AD2d 680) precludes the application of CPLR 103 (c) to a case of this nature, we decline to follow it. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.