■ CHARLES GREEN, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY TRUST, Respondent. [791 NYS2d 630]—

In an action to recover no-fault benefits, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated February 10, 2004, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and Insurance Law § 5106 (c).

Ordered that the order is affirmed, with costs.

The plaintiff contends that he was entitled to a trial de novo of his no-fault claim pursuant to Insurance Law § 5106 (c) because the amount in controversy was greater than $5,000. We disagree. The statute permits an insurer or a claimant to institute a court action to adjudicate the dispute de novo where the master arbitrator's award is $5,000 or greater. Here, the master arbitrator made no monetary award and the statutory predicate for a de novo court adjudication was not satisfied (*see General Acc. Fire & Life Ins. Co. v Avlonitis,* 156 AD2d 424 [1989]; *Harley v United Servs. Automobile Assn.,* 191 AD2d 768, 769 [1993]; *see also Matter of Greenberg [Ryder Truck Rental],* 70 NY2d 573 [1987]).

The plaintiff contends, in the alternative, that the statute is unconstitutional because the $5,000 threshold limits the ability of claimants to obtain de novo court adjudication while allowing insurance companies readier access to the judicial forum. We disagree. Insurance Law § 5106 (c) does not violate due process and equal protection because the classification it creates between claimants and insurance carriers is reasonably related to a legitimate state interest and has a rational basis (*see Booth v Hartford Ins. Group,* 531 F Supp 481 [1982]; *Country-Wide Ins. Co. v Harnett,* 426 F Supp 1030 [1977]; *see also City of New*

*Orleans v Dukes,* 427 US 297 [1976]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.