## American Tr. Ins. Co. v Supportive Prods., Corp.

2025 NY Slip Op 32279(U)

June 13, 2025

Supreme Court, Kings County

Docket Number: Index No. 528107/2022

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the 13th day of
June 2025.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

-----------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY

                                        Plaintiff,

            -against-

SUPPORTIVE PRODUCTS, CORP., A/A/O
ALEXANDER GREEN,

                                        Defendant.

-----------------------------------------------------------------X

Index No.: 528107/2022
Motion Seq. 3

**ORDER**

The following e-filed papers read herein:                    NYCCEF Nos.:

Notice of Motion/Affirmation/Exhibits Annexed………..              27 – 33

This motion arises out of a no-fault action brought pursuant to CPLR 7511, Insurance Law 5105 and/or 11 NYCRR'65, wherein Plaintiff American Transit Insurance Company ("Plaintiff") requests de novo review of an underlying arbitration award that exceeded $5,000.00, exclusive of interests, attorney's fees and costs.[1]

The underlying arbitration resulted from alleged injuries sustained by non-party Alexander Green from a motor vehicle accident and subsequent medical services he received at Defendant's facility. Defendant submitted claims totaling $5,163.02 for dates of service between August 8, 2019 and October 3, 2019. Plaintiff contends that the claims were "not billed in accordance with the Workers' Compensation Fee Schedule, were not medically necessary, were for services that were not causally related to the motor vehicle accident and/or are not covered by" Plaintiff's insurance policy. (NYSCEF Doc No. 1, ¶ 10). Plaintiff now moves to renew and reargue this Court's order dated April 17, 2024, denying Plaintiff's motion for default judgment and request for de novo review because it failed to attach the master arbitration award.

---

[1] Insurance Law § 5106 (c) permits a de novo adjudication of a no-fault insurance claim where the master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees (*Allstate Ins. Co. v Buffalo Neurosurgery Group*, 172 AD3d 967, 968 [2d Dept 2019], citing 11 NYCRR 65-4.10 [h] [1] [ii]; *Matter of Greenberg [Ryder Truck Rental]*, 70 NY2d 573, 577, 517 NE2d 879, 523 NYS2d 67 [1987]).

1

[* 1]

The decision to grant leave to renew or reargue is at the sound discretion of the court (*see Rodney v New York Pyrotechnic Prod. Co.*, 112 AD2d 410, 411 [2d Dept 1985] [internal citation omitted]; *Gold v Gold*, 53 AD3d 485, 487 [2d Dept 2008]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). "On a motion to renew, a party must show new facts to supports its motion, as well as a justifiable excuse for not initially placing such facts before the court" (*Garner v Latimer,* 306 AD2d 209, 209 [1st Dept 2003]; *Lansing Research Corp. v Sybron Corp.*, 142 AD2d 816, 819 [3d Dept 1988]). A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). However, a motion for leave to reargue is "not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [2d Dept 1999] [internal citations omitted]).

First, the Court will address Plaintiff's grounds to reargue. Plaintiff alleges he is entitled to de novo review of the arbitration award under Insurance Law 5106 (c) because the $5,000 threshold was met. In support, Plaintiff points to its complaint wherein there is an allegation that the arbitration award was over $5,000. Since Defendant did not answer, Plaintiff asserts that the amount is undisputed pursuant to CPLR 3018 (a). According to Plaintiff, the Court overlooked this fact and improperly denied the motion for default judgment. Upon the court's review of the merits of the movant's arguments, the motion for reargument is essentially granted (*see McNamara v Rockland Cnty. Patrolmen's Benevolent Ass'n., Inc.*, 302 AD2d 435, 436 [2d Dept 2003]). Now, the court must decide whether to adhere to its prior decision or grant Plaintiff's motion.

Assuming arguendo that by failing to answer the complaint, Defendant did not deny that the award was over $5,000, that is not sufficient for the Court to confirm the amount and grant a default judgment. In determining eligibility for de novo review of arbitration awards, it is necessary for the underlying award to be submitted to the court. "Failing to attach a copy of the arbitration award in an Article 75 proceeding denudes the petition of a prima facie case" and necessitates denial on that ground alone (*see Am. Tr. Ins. Co. v Nexray Med. Imaging PC,* 80 Misc 3d 1210[A], 2023 NY Slip Op 50953[U] [Sup Ct, Kings County 2023], citing *Arnica Mut. Ins. Co.*

2

v *City of NY,* 2019 WL 4274334 [Sup Ct, NY County, Sept. 5, 2019, No. 652663/2019]; quoting *Countrywide Ins. Co. v American Tr. Ins. Co.,* 2021 WL 939010 [Sup Ct, NY County, Mar. 9, 2021, No. 654011/2020]). Plaintiff seeks de novo review and default judgment based only on the statements alleged in their complaint and Defendant's failure to answer, without providing documentation of the underlying arbitration award. However, a party moving for a default judgment is required to submit proof of (1) service of the summons and complaint, (2) the facts constituting the claim and (3) the default (CPLR 3215 [f]). The proof of a claim is satisfied when the plaintiff submits sufficient evidence for the court to determine that a viable cause of action exists (*Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 70 [2003]; *Vanderbilt Mortgage and Finance, Inc. v Ammon,* 179 AD 3d 1138, 1141 [2d Dept 2020]). Submitting the master arbitration award would have been sufficient evidence for the court to determine that the action is viable, but Plaintiff failed to do so.

The Court will now turn to Plaintiff's grounds to renew. In the instant motion, Plaintiff attaches the initial arbitration award and the master arbitration award. Plaintiff contends that the newly attached arbitration awards offer "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). The arbitration award does provide documentation that the amount of the award was over $5,000, evidence missing from the original motion and necessary to their claim (*see* NYSCEF Doc No. 31). However, a motion to renew must also include "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Plaintiff's counsel argues he did not believe that attaching the award was necessary and he had no way of knowing this Court would require it. This argument is unavailing. "It is well settled that a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Deutsche Bank Natl. Trust Co. v Elshiekh,* 179 AD3d 1017, 1019 [2d Dept 2020], citing *Worrell v Parkway Estates, LLC,* 43 AD3d 436, 437 [2d Dept 2007]; *Renna v Gullo,* 19 AD3d 472 [2d Dept 2005]). Here, Plaintiff had access to the master arbitration award at the time of the original motion and should have filed it with the original motion, in accordance with the law. Plaintiff's arguments do not rise to the level of a "justifiable excuse" (*Lansing Research Corp.,* 142 AD2d at 819).

Accordingly, it is hereby,

ORDERED, that the portion of Plaintiff's motion for leave to reargue (Mot. Seq. No. 3) is granted; and upon re-argument, the Court adheres to its original decision; and it is further

3

[* 3]

ORDERED, that the portion of Plaintiff's motion for leave to renew is denied

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph, J.S.C.

HON. INGRID JOSEPH

4

[* 4]