■ In the Matter of ARTHUR L. CAPUANO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—In a proceeding to confirm an arbitrator's award, the Allstate Insurance Company appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 3, 1984, which denied its motion to renew a prior motion to vacate a judgment entered August 1, 1984, which, on the insurer's default, confirmed the arbitration award.

Order reversed, on the law, with costs, motion for renewal granted, and, upon renewal, motion to vacate the judgment entered August 1, 1984, granted and the petitioner's application to confirm the award is held in abeyance pending disposition of the action commenced by the appellant for a trial de novo pursuant to Insurance Law § 5106 (c).

On March 8, 1984, the master arbitrator affirmed an award to the petitioner in excess of $5,000 for lost wages resulting from an automobile accident. In April 1984 the insurer Allstate Insurance Company instituted an action to adjudicate

the dispute de novo. This action was properly instituted by the insurer pursuant to Insurance Law § 5106 (c) which provides in pertinent part: "The award of a master arbitrator shall be binding * * * provided * * * that where the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute a court action to adjudicate the dispute de novo". Prior to the service of its answer to the insurer's complaint, the petitioner commenced this proceeding, pursuant to CPLR 7510 to confirm the arbitration award. In his petition, the petitioner failed to advise the court that the insurer had already properly commenced an action to adjudicate the dispute de novo. The insurer defaulted in answering the petition to confirm, and a judgment was entered on August 1, 1984, confirming the arbitration award.

The insurer moved to vacate that judgment, and its motion was denied with leave to renew upon proper papers. The insurer then moved for renewal, arguing that it had the "absolute right to litigate the issues anew and afresh and that there is no right to enter a judgment on the prior arbitration awards once a trial is validly and timely demanded".

Special Term denied the insurer's motion to vacate the judgment, holding that the insurer: "has failed to advance any of the statutory grounds for vacating or modifying the award". The insurer was not attempting, in its motion to vacate the judgment, to collaterally attack the arbitration award. Rather, it was attempting to vindicate its right to commence an action to adjudicate de novo the dispute with the petitioner (see, Insurance Law § 5106 [c]; State Farm Mut. Auto. Ins. Co. v Becker, 118 Misc 2d 806). The insurer did in fact exercise that right before the petitioner even commenced this proceeding to confirm the arbitration award. Under these circumstances, the judgment confirming the arbitration award should be vacated (see, Government Employees Ins. Co. v Employers Commercial Union Ins. Co., 62 AD2d 123; CPLR 5015 [a] [3]). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.