■ Sergio Saaverda, Appellant, v East Fordham Road Real Estate Corp. et al., Respondents. (And a Third-Party Action.) [649 NYS2d 416] —Order, Supreme Court, Bronx County

(Stanley Green, J.), entered on or about October 5, 1995, which denied plaintiff's motion for partial summary judgment and granted the cross motions of defendants E.A. Fordham Corp. and Ambrosio Construction Co. Inc. for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

In an action under Labor Law sections §§ 200, 240 (1) and § 241 and the common law to recover damages for personal injury arising from plaintiff's fall from a ladder, the IAS Court properly denied plaintiff's motion for partial summary judgment since his deposition testimony concerning the manner in which the accident occurred is inconsistent with his own account provided in support of the motion (*compare, Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452, *with Klein v City of New York*, 222 AD2d 351, *appeal withdrawn* 88 NY2d 843). Significantly, there is conflicting evidence as to whether there was a break or collapse in the ladder to establish a prima facie violation of Labor Law § 240 (1) (*see, Antunes v 950 Park Ave. Corp.*, 149 AD2d 332). Nor is there any showing that the lack of safety devices constitutes a violation of Labor Law § 240 (1), or that such a violation proximately caused the accident (*see, Zeitner v Herbmax Sharon Assocs.*, 194 AD2d 414).

The cross motions for summary judgment by defendants were properly granted. Defendant E.A. Fordham was an out-of-possession lessee of the property who neither contracted for nor supervised the work that brought about the injury, and had no authority to exercise any control over the specific work area that gave rise to plaintiff's injuries (*see, Santos v American Museum of Natural History*, 187 AD2d 420). Similarly, defendant Ambrosio Construction, whose contract with the owner was limited to demolition and construction of two walls, had no right to control the worksite, and accordingly established entitlement to summary judgment as a matter of law (*cf., Headen v Progressive Painting Corp.*, 160 AD2d 319). We have considered plaintiff's other contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.