PROGRESSIVE INSURANCE COMPANY, Appellant-Respondent, v MICHELLE STROUGH, Respondent-Appellant. [865 NYS2d 439]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered December 19, 2006 in a declaratory judgment action. The judgment, among other things, denied defendant's motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant failed to cooperate with plaintiff, as required by her insurance policy, when she was injured in a motor vehicle accident and that, based on that failure, plaintiff is entitled to a

declaration that it has no duty to indemnify defendant or to pay her no-fault insurance benefits with respect to those injuries.

We conclude that Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint and confirming the award of the master arbitrator and properly granted that part of the cross motion of plaintiff seeking a de novo determination of its claim that it has no duty to indemnify defendant for claims arising from the motor vehicle accident, including claims for no-fault benefits. Contrary to the contention of defendant, the action is not barred by the doctrine of res judicata. Although the doctrine of res judicata generally applies with respect to a final arbitration award (*see Rembrandt Indus. v Hodges Intl.*, 46 AD2d 623, 623-624 [1974], *affd* 38 NY2d 502 [1976]), Insurance Law § 5106 (c) and 11 NYCRR 65-4.10 (h) (1) (ii) expressly provide that either party to a matter submitted to arbitration has the right to a de novo determination of the dispute in the event that the master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees, and that is the case here (*see Matter of Greenberg [Ryder Truck Rental]*, 70 NY2d 573, 576-577 [1987]; *Matter of Capuano v Allstate Ins. Co.*, 122 AD2d 138, 139 [1986]).

We further conclude that the court properly denied that part of plaintiff's cross motion for summary judgment declaring that plaintiff has no duty to indemnify defendant for claims arising from the motor vehicle accident in question, including claims for no-fault benefits. Plaintiff failed to support its motion with evidence provided by an individual with personal knowledge of the facts (*see Chiarini v County of Ulster*, 9 AD3d 769, 769-770 [2004]), and the documents provided by plaintiff in support of the cross motion do not establish that defendant failed to cooperate with plaintiff, as alleged in the complaint. Thus, plaintiff failed to meet its burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *New York Cas. Ins. Co. v Kushner*, 309 AD2d 1235 [2003]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.