American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C. (2025 NY Slip Op 01337)

American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C.

2025 NY Slip Op 01337

Decided on March 12, 2025

Appellate Division, Second Department

Duffy, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-06053
 (Index No. 503023/22)

[*1]American Transit Insurance Company, respondent,
v
Comfort Choice Chiropractic, P.C., etc., appellant.

APPEAL by the defendant, in an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 4, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of subject matter jurisdiction and pursuant to 11 NYCRR 65.4.10(j)(4) for an award of attorney's fees.

Gary Tsirelman, P.C., Brooklyn, NY, for appellant.
Larkin Farrell, LLC, New York, NY (Anthony R. Troise of counsel), for respondent.

DUFFY, J.P.

OPINION & ORDER
The issue on appeal, an issue of first impression for this Court, is whether, under certain circumstances, separate and distinct arbitral awards can be treated by a court as, in effect, a single arbitral award under Insurance Law § 5106(c) and pursuant to 11 NYCRR 65-4.10(h)(1)(ii) for the purposes of determining whether the requisite $5,000 threshold establishing subject matter jurisdiction has been met to allow for a de novo review of claims for no-fault insurance benefits. As set forth below, we hold that the plain language of Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1) does not contemplate allowing separate and distinct arbitral awards to be treated as, in effect, a single arbitral award or to be combined by a court for the purposes of meeting the required monetary jurisdictional threshold under Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii). Our reading of these subdivisions of Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii) comports with the plain meaning of the words contained therein as well as the legislative intent of the statute and related authority.
Background of the Action
As is relevant to this appeal, in January 2022, the plaintiff American Transit Insurance Company commenced this action pursuant to Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii) to seek de novo review of four separate arbitral awards issued by a master arbitrator (hereinafter the arbitral awards). The four arbitral awards were issued by the same master arbitrator, following separate arbitration proceedings upon the plaintiff's denial of payment for medical services performed by the defendant for Nancy Bayona, an individual who alleged that she was injured as a result of a motor vehicle accident in February 2019 when she was riding as a passenger in a taxi insured by the plaintiff. The arbitration proceedings arose upon the plaintiff's denial of each of four claims submitted to it by the defendant for a repeated course of chiropractic treatment of Bayona performed by the defendant between March 8 and September 4, 2019. After each of the four arbitration proceedings, the master arbitrator issued an arbitral award in favor of the defendant, [*2]respectively, as follows: $4,767.63 for chiropractic services performed in March 2019; $4,767.63 for chiropractic services performed in March 2019 and April 2019; $4,767.63 for chiropractic services performed in April 2019 and May 2019; and $3,178.42 for chiropractic services performed in August 2019. Thereafter, pursuant to Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii), the plaintiff commenced this action seeking de novo review of the four arbitral awards.
Procedural History
The defendant moved pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of attorney's fees for its work in preparing its motion. The defendant contended that the complaint should be dismissed as the Supreme Court lacked subject matter jurisdiction over the four arbitral awards, since each arbitral award was less than the requisite $5,000 threshold under Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii)—the relevant statute and regulation conferring subject matter jurisdiction for de novo review of the claims by the court. The defendant also contended, inter alia, that, pursuant to 11 NYCRR 65-4.10(j)(4), it was entitled to attorney's fees for its work in preparing its motion to dismiss. The plaintiff opposed the motion, contending, among other things, that the four arbitral awards were, in effect, a single arbitral award which, collectively, exceeded the requisite $5,000 threshold. The plaintiff contended that, since the arbitral awards involved the same parties, were decided by the same arbitrator on the same day, and essentially involved the same services, they, therefore, in effect, constituted a single arbitral award. In an order dated May 4, 2023, the court denied the defendant's motion (hereinafter the May 2023 order). The court determined, inter alia, that the four arbitral awards, in effect, constituted a single arbitral award and also denied the defendant's request pursuant to 11 NYCRR 65.4.10(j)(4) for an award of attorney's fees. The defendant appeals.
For the reasons set forth below, we reverse the May 2023 order and grant the defendant's motion to dismiss the complaint on the ground that the Supreme Court lacked subject matter jurisdiction and for an award of attorney's fees. We also remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to the defendant pursuant to 11 NYCRR 65.4.10(j)(4).
The Relevant Statutes
The relevant statute and regulation governing the monetary jurisdictional threshold for a de novo action, such as this one, are Insurance Law § 5106(c) and 11 NYCRR 65-4.10.
Insurance Law § 5106(c)
Insurance Law § 5106(c) provides, in relevant part:
"An award by an arbitrator shall be binding except where vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator's award by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The award of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules, and provided further that where the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute a court action to adjudicate the dispute de novo" (emphasis added).
11 NYCRR 65-4.10
Pursuant to subdivision (h)(1) of 11 NYCRR 65-4.10,
"[a] decision of a master arbitrator is final and binding, except for:
"(i) court review pursuant to an article 75 proceeding; or
"(ii) if the award of the master arbitrator is $5,000 or greater, exclusive of interest and attorney's fees, either party may, in lieu of an article 75 proceeding, institute a court action to adjudicate the dispute de novo" (emphasis added).Thus, where a master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees, a court may [*3]conduct a de novo adjudication of a no-fault insurance claim.
Contrary to the determination of the Supreme Court and, as set forth herein, we find that the plain language contained in both Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii) does not allow a court to treat separate arbitral awards as, in effect, a single, combined arbitral award for the purposes of meeting the subject matter jurisdictional threshold for de novo review—even under circumstances such as those here, where the service provider was the same in each circumstance, the insurance company was the same, the service recipient was the same, and the services that were provided were the same.
Thus, as noted herein, the Supreme Court should not have treated these four separate arbitral awards as, in effect, one arbitral award that, collectively, met the $5,000 threshold for de novo review.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint for lack of subject matter jurisdiction, as well as that branch of its motion which was for an award of attorney's fees.
Statutory Interpretation
Plain Language
In matters of statutory interpretation, the primary consideration is to discern and give effect to the Legislature's intent (see Yatauro v Mangano, 17 NY3d 420, 426). "The starting point for discerning legislative intent is the language of the statute itself" (id. at 426). "Inasmuch as the text of a statute is the clearest indicator of such legislative intent, where the disputed language is unambiguous, [courts] are bound to give effect to its plain meaning" (Makinen v City of New York, 30 NY3d 81, 85 [alternation and internal quotation marks omitted]). "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning'" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120, quoting Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "When the plain language of the statute is precise and unambiguous, it is determinative" (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565; see Loehr v New York State Unified Court System, 150 AD3d 716, 720).
Here, the plain language of Insurance Law § 5106(c) expressly provides that an arbitrator's award must meet the $5,000 threshold in order to permit a party to seek a de novo determination by commencing an action in a court as to the award. Likewise, 11 NYCRR 65-4.10(h)(1)(ii) sets forth that "if the award of the master arbitrator is $5,000 or greater, exclusive of interest and attorney's fees, either party may, in lieu of an article 75 proceeding, institute a court action to adjudicate the dispute de novo" (emphasis added).
The use of the singular in the statute and the regulation—"arbitrator's award" in Insurance Law § 5106(c) and "the award" in 11 NYCRR 65-4.10(h)(1)(ii)—means one, single award, not a combination or collective group (see Verneau v Consol. Edison Co. of N.Y., Inc., 37 NY3d 387, 395 ["The legislature's choice of the singular indefinite article—'a' claim—means the liability to be transferred is for a single claim at the time of application"]). The Legislature did not opt to use the plural, and there is no other language in either the statute or the regulation that would allow for the singular to be interpreted as encompassing the plural (cf. Powers v 31 E 31 LLC, 24 NY3d 84, 91 ["Although the 1968 Building Code refers to a 'parapet . . . railing[,] or fence' in the singular, it specifically provides that 'words used in the singular include the plural, and the plural the singular' (1968 Building Code of City of NY [Administrative Code of City of NY] §§ 27-231, 27-334)" (emphasis added)]). To the extent that the statute or the regulation do not expressly address the issue of treating multiple arbitral awards as, in effect, a singular arbitral award, "[c]ourts 'cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the legislature did not see fit to enact'" (People v Corr, ____ NY3d ____, ____, 2024 NY Slip Op 03379, *2, quoting People v Hardy, 35 NY3d 466 [alteration and internal quotation marks omitted]). Indeed, "[i]n the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning" (Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7 [internal quotation marks omitted]).
Given the plain language of Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii), it was not proper for the Supreme Court to expand the scope of the legislation by [*4]construing it to allow for multiple arbitral awards to be treated as, in effect, one, or as a single, combined arbitral award in order to meet the requisite threshold (see e.g. Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 133 ["it would be improper for the court to essentially rewrite the statute to substitute 'borrowers' in the plural for 'borrower' in the singular under RPAPL 1304(2)"]).
Since the language of the statute and the regulation is plain and unambiguous, it is unnecessary to consider the legislative history (see Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d at 5). Nonetheless, as set forth herein, the history underpinning the legislation at issue lends further support to our conclusion that the singular language in the legislation referring to "award" was deliberate and that the Legislature did not contemplate that courts would invoke their authority to exercise discretion to treat multiple arbitral awards as, in effect, a singular arbitral award to meet the $5,000 statutory threshold.
Legislative History
Although the legislative history of the statute is sparse, in February 1973, then-Governor Nelson A. Rockefeller signed the Comprehensive Automobile Insurance Reparations Act into law and issued a memorandum to the then-existing members of the New York Legislature entitled, "Governor's Memoranda, Approval of the Comprehensive Automobile Insurance Reparations Act" (hereinafter the Governor's Memo), which provides, in relevant part, as follows:
"With the enactment of this measure, the present automobile insurance system—a system which costs too much, takes too long to pay off and delivers too little protection—will be cast aside. In its stead will be a new insurance reparations system which
"- assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault;
"- will eliminate the vast majority of auto accident negligence suits, thereby freeing our courts for more important tasks; and
"- provides substantial premium savings to all New York motorists.
"The passage of no-fault auto insurance is a triumph of good sense and a victory for the people. On the solid foundation of this bill, I hope that we can continue to achieve further premium savings and get even more negligence cases out of the courts in the future.
"I am, therefore, pleased to give my approval of this long overdue measure" (Governor's Mem approving L 1973, ch 13, 1973 McKinney's Sess Laws of NY at 2335 [emphasis added]).
The Governor's Memo approving the no-fault system of handling claims such as the ones that were the subject of the four arbitration proceedings expressly provides that one of the primary purposes for enactment of the statute was to relieve the burden of these type of cases on the courts (see id.).
Construing the legislation at issue to allow a court to exercise its discretion in determining whether to treat separate arbitral awards as, in effect, one collective arbitral award for the purposes of establishing subject matter jurisdiction is contrary to the stated purpose of the legislation. Such construction could greatly expand the number of such cases heard by a court, rather than reduce the number of these types of cases within the court system, as anticipated by the enactment of the statutes.
Thus, even if the language in the legislation did not unambiguously state that a single arbitral award, rather than a collective set of arbitral awards, must equal or exceed $5,000 in order to meet the jurisdictional threshold establishing subject matter jurisdiction such that a court could undertake a de novo review of the arbitral award, construing the legislation as so doing supports the legislative intent to promptly resolve no-fault reimbursements, "reduce the burden on the courts and to provide substantial premium savings to New York motorists" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505 [internal quotation marks omitted] [plaintiff medical provider demonstrated entitlement to summary judgment in a no-fault insurance action, as the provider submitted evidence that payment of no-fault benefits was overdue and proof that its claim was mailed to and received by the defendant insurer]; see Contact Chiropractic, P.C. v New York [*5]City Tr. Auth., 31 NY3d 187, 194-196 [stating that the no-fault law is aimed at ensuring prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts, and to provide substantial premium savings to New York motorists, and holding that a three-year statute of limitations, not six-year statute of limitations, applies]; Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [challenged regulations reducing notice and claim filing time frames were fully consistent with the Insurance Law since "[t]he primary aims of this new system were to ensure prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists"]).[FN1]
Given that one of the intended purposes of the statute was to relieve the burden of these type of cases on the courts—as evidenced by the Governor's Memo approving the no-fault system of handling claims such as the ones that were the subject of the four arbitration proceedings, it is evident that the singular language in the statute and regulation referring to "award" was deliberate. Thus, the Supreme Court's treatment of the four arbitral awards as, in effect, one arbitral award, was improper and inconsistent with the legislation's intended purpose.
Relevant Caselaw
Additionally, although not dispositive to the issue before this Court, relevant authority supports this Court's interpretation of the statute and the regulation as well. In 2003, in Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d 854), the Court of Appeals, among other things, upheld a regulation that reduced the time frame in which a motor-vehicle accident victim is required to submit a notice of claim to an insurer from 90 days to 30 days after the accident under the no-fault insurance system pursuant to Insurance Law § 5106(a) and reduced the time in which to submit proof of loss due to medical treatment from 180 days to 45 days. There, in promulgating the regulation, the Superintendent of Insurance had concluded that the proposed amendments "would better
effectuate the legislative purpose of providing prompt compensation" (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d at 860) and the Court noted that a primary aim of this system was to reduce the burden on the courts (see id. at 860, citing the Governor's Mem approving L 1973, ch 13, 1973 McKinney's Sess Laws of NY at 2335).
Likewise, in 1997, in Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co. (90 NY2d 274), the Court of Appeals also discussed the legislative intent underlying New York State's no-fault system recognizing that "[t]o string out belated and extra bites at the apple is, on the present state of the law, inherently contradictory and unfounded under the statutes, regulations and policies that pertain to and govern this dispute, and we should not countenance such practices on the state of this record and these regulations and statutes" (id. at 286 [insurer precluded from raising an intoxication exclusion defense because it failed to deny the claim within 30 days as required by Insurance Law § 5106(a)]).
This legislative intent—to ensure prompt resolution of claims under the no-fault statutory system and to alleviate the burden of these types of cases in court (see Pommells v Perez, 4 NY3d 566, 570)—is furthered by our conclusion that the legislation does not provide the parties or a court with discretion to treat separate arbitral awards as, in effect, one arbitral award to meet the $5,000 threshold for de novo review.
Manipulating Claims
To the extent that the plaintiff posited that a narrow construction of the language of the legislation will allow for service providers to manipulate the way their claims are issued in order to avoid a court's de novo review of an arbitral award, such a contention is specious. As an initial matter, parties are free to chart the course of their disputes regarding claims with respect to the issuance of a claim by a service provider and the submission of any disputed claims, either singularly [*6]or collectively, to arbitration. More importantly, given the stated goal of the legislation to reduce the number of these type of cases before a court, limiting the amount of cases subject to de novo review promotes the purpose of the statutes.
The statutory language and legislative history evidence that the Legislature intended that review of such cases by a court be the exception, not the norm. Further, litigants with arbitral awards totaling less than $5,000 may still seek to vacate an arbitral award of a master arbitrator through a CPLR article 75 proceeding (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705 ["The term 'court appeal' applies to a proceeding such as this, taken pursuant to CPLR article 75 to vacate or confirm a master arbitration award"]; Matter of Custen v General Acc. Fire & Life Ins. Co., 126 AD2d 256, 258 ["it is clear that the Legislature intended the provision of CPLR article 75 to apply only to the review of the awards of master arbitrators (see, Insurance Law § 5106[c])"]).
Related Authority
Our conclusion as to the meaning of the legislation also is consistent with a comparable determination by our sister court, the Appellate Division, First Department. Although not binding on this Court, the First Department's determination in 2021, in an action with similar facts to those here, American Tr. Ins. Co. v Health Plus Surgery Ctr., LLC (192 AD3d 497), is instructive. There, the First Department affirmed the grant of a defendant's motion to dismiss a complaint for de novo adjudication on the ground that "[t]he medical services provided to [the] plaintiff's insured were separate and distinct from each other, were billed separately and should not be combined to meet the $5,000 threshold for de novo review" (id. at 497-498).
In a similar vein, in 2014, in Imperium Ins. Co. v Innovative Chiropractic Servs., P.C. (43 Misc 3d 137[A], 2014 NY Slip Op 50697[U] [App Term, 1st Dept]), a case decided by the Appellate Term, First Department, which involved an action seeking, among other things, de novo review of five, separately issued, arbitral awards of a master arbitrator in favor of the defendant medical providers, that court held that none of the five arbitral awards at issue in that case met or exceeded the $5,000 threshold requirement set forth in Insurance Law § 5106 and, thus, de novo review was unavailable (see Imperium Ins. Co., 2014 NY Slip Op 50697[U]).
The Vagaries of Nisi Prius Decisions
We note that, notwithstanding the Appellate Division, First Department's determination in American Tr. Ins. Co. v Health Plus Surgery Ctr., LLC, (192 AD3d at 497-498), the Supreme Court, New York County, has, in certain circumstances—American Tr. Ins. Co. v Surgicore of Jersey City LLC (69 Misc 3d 1216[A], 2020 NY Slip Op 51398[U] [Sup Ct, NY County]) and American Tr. Ins. Co. v Horizon Anesthesia Group, PC (2021 NY Slip Op 32654[U] [Sup Ct, NY County])—treated distinct arbitral awards to be a single, unified arbitral award for the purposes of the jurisdictional threshold of Insurance Law § 5106(c).
In Surgicore, although the Supreme Court took note of the plain language of the statute (see Surgicore, 2020 NY Slip Op 51398[U], *2 ["[Insurance Law] § 5106(c)'s reference to a master arbitrator's award, singular, must be given effect. A plaintiff may not, therefore, aggregate various arbitral awards in order to meet the statutory minimum of $5,000"] [alteration and internal quotation marks omitted]), the court nonetheless distinguished the facts in that case from the Supreme Court determination that was later affirmed in American Tr. Ins. Co. v Health Plus Surgery Ctr., LLC, (192 AD3d at 497-498). The Surgicore court determined that distinct arbitral awards, one for a pre-operative nerve block in the amount of $517.89, and the other for the same person for an operation in the amount of $25,962.93, were more properly understood as a single unified arbitral award for the purposes of the de novo review threshold of Insurance Law § 5106(c), without citation to legislative authority to do so. The court noted that treating the awards as separate and distinct "would exalt form over substance to no purpose" (Surgicore, 2020 NY Slip Op 51398[U], *2).
And, in Horizon Anesthesia (2021 NY Slip Op 32654[U]), the plaintiff commenced an action seeking a de novo adjudication of three separate master arbitrator's awards: an award in favor of Horizon in the amount of $1,469.99 and two awards in favor of NHSC in the amounts of $258.94 and $16,237.97. Citing American Tr. Ins. Co. v Health Plus Surgery Ctr., LLC, (192 AD3d at 497), the Horizon Anesthesia court concluded that clearly the award in favor of Horizon did not meet the $5,000 threshold, and the plaintiff could combine awards to meet the same. However, the court denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against NHSC, since once of the two arbitral awards, in the amount $16,234.97 issued against that defendant, met the threshold. The court essentially disregarded the statutory language [*7]and found that there was no reason to separate the other arbitral award of $258.94 against that defendant (see Horizon Anesthesia, 2021 NY Slip Op 032654[U]).
In contrast, in American Tr. Ins. Co. v Unicorn Acupuncture, P.C. (2023 NY Slip Op 33008[U] [Sup Ct, Kings County]), the Supreme Court, Kings County, declined to treat as a single unified arbitral award, three distinct arbitral awards for acupuncture treatment performed on the same client by the same service provider over a period of 2½ years. There, the individual arbitral awards were each less than the $5,000 jurisdictional threshold: one, in the sum of $2,838.63, pertained to medical services billed between May 1 and December 27, 2017; the second, in the sum of $4,349.67, pertained to medical services billed between March 1, 2018 and February 28, 2019; and the third, in the sum of $1,811.80, pertained to medical services billed between March 15 and November 19, 2019. There, despite the plain language of the legislation and its express purpose, the court reasoned that there was no bright-line rule as to when separate arbitral awards should be treated as, in effect, a single, unified arbitral award, and determined that "the billing period, and the length of time the services provided are [factors to assess] in whether the arbitration awards should be considered distinct from each other" (id. at *4). The court, noting that the arbitral awards were for separate treatments performed over a period of 2½ years, found that those facts distinguished the case from Surgicore (2020 NY Slip Op 51398[U]), wherein the Supreme Court, New York County, determined that separate arbitral awards for services that were performed in one day were, in effect, one arbitral award and not separate and distinct arbitral awards (see Unicorn Acupuncture, 2023 NY Slip Op 33008[U], *4).
Although each of the nisi prius determinations of these Supreme Court cases yielded different results, a common theme in each is the discretion each Supreme Court exercised in order to deviate from the express and intended purpose of the legislation, essentially carving out exceptions to the legislation and creating a set of factors to consider in deciding whether to carve out an exception to the legislation. In each instance, the courts did so without citing any legislative authority or approval.
The Arbitral Awards are Separate and Distinct and Do Not Meet the Requisite Jurisdictional Threshold
Here, although the four arbitral awards pertained to a repeated course of treatment performed by the same service provider over a period of six months, each treatment was billed separately and each arbitral award was an amount less than $5,000. Also, of note, unlike Surgicore (2020 NY Slip Op 51398[U]), wherein the Supreme Court, New York County, treated the separate arbitral awards regarding payments for a single procedure that was performed on the same day as, in effect, a unified arbitral award to meet the statutory threshold for de novo review, this case does not deal with a singular procedure being performed on the same day.
Rather, here, like the three separate arbitral awards for acupuncture services performed over a period of 2½ years in Unicorn Acupuncture (2023 NY Slip Op 33008[U] [Supreme Court declined to consider three arbitral awards for acupuncture services performed over the period of 2½ years as a single, unified arbitral award]), at issue is a repeated course of multiple treatments over an extended period of time.
In sum, although the legislation at issue plainly requires that a single arbitral award meet the monetary threshold for de novo review by a court, and one of the intended purposes of the legislation is to reduce the number of such cases in New York State's court system, the Supreme Court here, like other nisi prius courts in New York, in effect, delegated to itself the authority to carve out an exception to the legislation.
Given the plain language of the legislation, as well as its express intended purpose, we find no such authority has been provided by the Legislature to do so.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction.
Attorney's Fees
Insurance Law § 5106(a) provides, in part, that "if a valid claim [for no-fault benefits] or portion was overdue, the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." 11 NYCRR 65-4.10(j)(4), provides in pertinent part: "The attorney's fee for services rendered in connection with a court adjudication of dispute de novo, as provided in section 5106(c) of the Insurance Law, or in a court appeal from [*8]a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter."
In light of our determination herein, pursuant to 11 NYCRR 65.4.10(j)(4), the Supreme Court also should have granted that branch of the defendant's motion which was for an award of attorney's fees (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168).
The plaintiff's remaining contention is without merit.
Conclusion
Based on the plain language of Insurance Law § 5106(c) and 11 NYCRR 65-4.10(h)(1)(ii), the legislative intent of the statute, and related persuasive authority, we hold that the four arbitral awards at issue here should not have been treated as, in effect, a single arbitral award in order to meet the $5,000 jurisdictional threshold. Therefore, the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for an award of attorney's fees should have been granted, and we remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to the defendant pursuant to 11 NYCRR 65.4.10(j)(4) (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168, 1168 [affirming vacatur of a master arbitrator's determination and remitting the matter to determine the petitioner's reasonable attorney's fees for the appeal]; Matter of GEICO Ins. v AAAMG Leasing Corp., 148 AD3d 703, 705 [reversing an order and judgment and granting that branch of the cross-petition which was for attorney's fees]).
Accordingly, the order is reversed, on the law, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of subject matter jurisdiction and pursuant to 11 NYCRR 65.4.10(j)(4) for an award of attorney's fees is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to the defendant.
MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of subject matter jurisdiction and pursuant to 11 NYCRR 65.4.10(j)(4) for an award of attorney's fees is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to the defendant.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: Notably, the legislation was also enacted to ensure that motor-vehicle accident victims receive prompt payment for their economic loss (see Insurance Law § 5106[c]; Governor's Mem approving L 1973, ch 13, 1973 McKinney's Sess Laws of NY at 2335). Circumscribing the scope of cases that are subject to de novo review by a court ensures that most of the arbitral awards subject to this legislation are final such that there will be prompt resolution and payment of the arbitral awards. Expanding de novo review of arbitral awards by treating certain, separate arbitral awards as, in effect, a single arbitral award for the purpose of the legislation's jurisdictional threshold could foil this intended purpose.