American Tr. Ins. Co. v Gentle Care Acupuncture P.C. (2025 NY Slip Op 51092(U))

[*1]

American Tr. Ins. Co. v Gentle Care Acupuncture P.C.

2025 NY Slip Op 51092(U)

Decided on July 11, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
Supreme Court, Kings County

American Transit Insurance Company, Plaintiff,

against
Gentle Care Acupuncture P.C. a/a/o Mohamed Barry, Defendant.

Index No. 513843/2023

Aaron D. Maslow, J.

The following numbered papers were used on these motions:
Motion Sequence No. 7: NYSCEF Document Numbers 139-147, 155-166, 167, 169, 172.
Motion Sequence No. 8: NYSCEF Document Numbers 155-166, 168-169, 172.
Upon the foregoing papers, the Court having elected to determine the within motions on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED as follows:
Before the Court are a motion by Defendant Gentle Care Acupuncture, P.C. and a cross-motion by Plaintiff American Transit Insurance Company, each seeking summary judgment in this post-No-Fault insurance arbitration de novo action.
This de novo action emanates from an arbitration conducted by American Arbitration Association (AAA) No-Fault Insurance Arbitrator Cathryn Ann Cohen on December 5, 2022, in AAA Case No. 17-21-1219-7874. In an award dated December 19, 2022, Arbitrator Cohen noted that Gentle Care Acupuncture, P.C. (Applicant in the arbitration and Defendant herein) filed for arbitration to contest the denial by American Transit Insurance Company (Respondent in the arbitration and Plaintiff herein) of payment of eight No-Fault bills (claim forms). This followed a motor vehicle accident of January 10, 2020, in which non-party Assignor Mohamed Barry was allegedly injured and required health care treatment. Arbitrator Cohen listed the amount in dispute as $7,271.80. She awarded that amount to Gentle Care Acupuncture, P.C. in her award, finding that it made out its prima facie case of entitlement to compensation and [*2]rejecting American Transit Insurance Company's defenses to payment.
Thereafter, American Transit Insurance Company filed for master arbitration. The matter was assigned AAA Case No. 99-21-1219-7874. In an award dated April 2, 2023, Master Arbitrator Steven Rickman affirmed Arbitrator Cohen's award in its entirety.
By summons and complaint, on May 9, 2023, American Transit Insurance Company commenced the within de novo action. This alternative to an Article 75 special proceeding to review an arbitration award is provided for in Insurance Law § 5106 (c), amidst the other statutory provisions of the Comprehensive Motor Vehicle Insurance Reparations act, also known as the "No-Fault Law." An extensive discussion of de novo litigation over No-Fault insurance claims which were arbitrated appears in the decision of the Appellate Division, Second Department earlier this year authored by Hon. Justice Colleen D. Duffy (see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., AD3d , 2025 NY Slip Op 01337 [2d Dept 2025]).
Suffice it to say, case law is clear that in a de novo action, the plaintiff is entitled to a full adjudication of the dispute concerning payment of No-Fault insurance benefits as though the arbitration never took place. In fact, in terms of the merits of the payment or nonpayment by the No-Fault insurer of the respective claims, reference to the arbitration result becomes unnecessary. While the monetary result of the arbitration (a minimum award of $5,000) provides the jurisdictional basis for the Court to consider the matter, the determinations of the arbitrators on the particular component issues raised are irrelevant. (See Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573 [1987]; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800 [2d Dept 2019]; Allstate Ins. Co. v Nalbandian, 89 AD3d 648 [2d Dept 2011]; Progressive Ins. Co. v Strough, 55 AD3d 1402 [2d Dept 2008]; Matter of Capuano v Allstate Ins. Co., 122 AD2d 138 [2d Dept 1986]). In effect, a de novo action regarding disputed No-Fault insurance bills must be litigated as though the hearing arbitration and the master arbitration never took place.
With that background, the Court now proceeds to determine the parties' motions for summary judgment. Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
"[A] [claimant] demonstrates prima facie entitlement to summary judgment by submitting evidence that payment of no-fault benefits are overdue, and proof of its claim, using the statutory billing form, was mailed to and received by the defendant insurer" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 501 [2015]). "[A] medical provider [*3]seeking reimbursement from a no-fault insurer demonstrates its entitlement to reimbursement of overdue benefits when it proves that it submitted a completed claim form to the insurer" (id. at 507).
Defendant Gentle Care Acupuncture, P.C. relies on an attorney affirmation which purports to describe the procedural history herein, the facts of the matter, and its legal argument. The affirmation is supplemented with exhibits: Form NF-3 verification of treatment claim forms (bills), Form NF-10 denial of claim forms, the arbitration awards regarding the bills at issue, other arbitration awards with respect to other claims arising from the subject accident, a Worker's Compensation Board decision, an IME report, and an EUO transcript. Notably Defendant "failed to support its motion with evidence provided by an individual with personal knowledge of the facts" (Progressive Ins. Co. v Strough, 55 AD3d at 1403). The attorney who submitted an affirmation did not attest to personally mailing the subject NF-3 claim forms (bills) or to receiving the appurtenant NF-10 denials. More importantly, however, the attorney's listing of the eight bills at issue in paragraph 7 of his affirmation does not match the amounts of the bills in Defendant's Exhibit B. The following is a comparison:
Dates of service 1/17/20-2/4/20; billed $514.18 per NF-3; attorney listed $436.01 as billed.
Dates of service 2/10/20-3/4/20; billed $1164.88 per NF-3; attorney listed $1,024.72 as billed.
Dates of service 3/9/20-3/18/20; billed $909.86 per NF-3; attorney listed $794.95 as billed.
Dates of service 4/16/20-5/6/20; billed $792.35 per NF-3; attorney listed $712.88 as billed.
Dates of service 5/7/20-6/3/20; billed $1,421.71 per NF-3; attorney listed $1,228.99 as billed.
Dates of service 6/8/20-7/6/20; billed $1,310.49 per NF-3; attorney listed $1,152.81 as billed.
Dates of service 8/17/20-9/8/20;[FN1]
billed $1,164.88 per NF-3; attorney listed $1,024.72 as billed.
Dates of service 9/14/20-9/30/20; billed $1,019.27 per NF-3; attorney listed $896.93 as billed. (Compare NYSCEF Doc No. 140, Kravchenko aff, with NYSCEF Doc No. 143, claim forms.)
Likewise, the amounts in dispute set forth in the NF-10 denials of claim forms submitted by Defendant (included in Exhibit B in NYSCEF Doc No. 143) do not match up to the amounts listed by the attorney in paragraph 7 of his affirmation appearing in NYSCEF Doc No. 140). "[I]nconsistencies which appear on the face of [a party's] own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Jud Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Jud Dists 2010]).
If the insurer issued denials of claims which match the bills as to the amount, but the [*4]defendant claims other amounts were billed, there is a disconnect in the presentation of the facts to the Court. But, in any event, nobody with personal knowledge has authenticated the bills that Defendant claims were submitted.
In light of the foregoing, Defendant Gentle Care Acupuncture, P.C. failed to make out a prima facie case of entitlement to summary judgment in this de novo action; it failed to establish that there is a lack of material issues of fact and that it is entitled to judgment as a matter of law. The sufficiency of Plaintiff American Transit Insurance Company's opposition need not be assessed. Defendant's motion for summary judgment must be denied.
By contrast, Plaintiff American Transit Insurance Company did support its cross-motion for summary judgment with affirmations by persons with personal knowledge of the facts. NYSCEF Doc No. 159 contains an affirmation from Cheryl Glaze, a No-Fault Claims Supervisor. In paragraphs 18-66 of her affirmation, Ms. Glaze described the bills received and the issuance of denials of claim asserting that the Workers' Compensation Board had sole jurisdiction over the issue of whether Assignor was working at the time of the accident. After issuance by the Workers' Compensation Board of a determination that Assignor was not working during the accident, the denials were withdrawn. Letters were issued to Defendant delaying payment pending an EUO of Assignor and eventually another set of denials was issued on the ground that Assignor failed to disclose prior accidents when he testified at his EUO; this constituted a failure to cooperate, maintains Plaintiff American Transit Insurance Company. Plaintiff also submitted an affirmation of mailing of the documents it discussed. This affirmation was from Donovan McPherson, a file clerk, and appears as NYSCEF Doc No. 160.
Conceding that its initial set of denials of claim was withdrawn, i.e., not being relied upon, Plaintiff predicates its position that the eight claim forms (bills) were properly denied on the issuance of the second set of denial forms, which alleged a failure to cooperate by Assignor at scheduled EUOs. The Court notes, however, that in each instance the respective denial of claim form was issued more than 30 days after the respective claim form (bill) was received.[FN2]
Based on Plaintiff's own averments, the dates of receipt of the claim forms and the dates of issuance of the denials asserting lack of Assignor's cooperation are as follows:
Dates of service 1/17/20-2/4/20; claim form received 2/28/2020; denial issued 8/25/2021.
Dates of service 2/10/20-3/4/20; claim form received 3/16/2020; denial issued 8/26/2021.
Dates of service 3/9/20-3/18/20; claim form received 4/3/2020; denial issued 8/26/2021.
Dates of service 4/16/20-5/6/20; claim form received 5/15/2020; denial issued 8/25/2021.[FN3]

Dates of service 5/7/20-6/3/20; claim form received 6/12/2020; denial issued 8/25/2021.
Dates of service 6/8/20-7/6/20; not discussed in Ms. Glaze's affirmation.
Dates of service 8/17/20-9/8/20; claim form received 9/18/2020; denial issued 8/25/2021.
Dates of service 9/14/20-9/30/20; claim form received 10/26/2020; denial issued 8/25/2021. (See NYSCEF Doc No. 159, Glaze aff ¶¶ 18-66.)
This contravenes Insurance Law § 5106 (a)'s deadline of 30 days to process a No-Fault claim. While the No-Fault Regulations permit an insurer to toll the 30-day deadline through the issuance of verification requests (see 11 NYCRR 65-3.5, 65-3.6), these requests must initially be sent to the applicant "within 15 business days of receipt of the prescribed verification forms" (11 NYCRR 65-3.5 [b]). Plaintiff American Transit Insurance Company has failed to establish that it timely issued the failure-to-cooperate denials, and it also failed to establish that the 30-day deadline was tolled through the timely issuance of verification requests. Therefore, it has failed to establish that as a matter of law it is entitled to summary judgment with respect to its processing of Defendant's bills. The sufficiency of Defendant Gentle Care Acupuncture, P.C.'s opposition need not be assessed. Plaintiff's cross-motion for summary judgment must be denied.
Inasmuch as neither Defendant nor Plaintiff has established its entitlement to summary judgment, both the motion and the cross-motion, each seeking summary judgment, are DENIED.

Footnotes

Footnote 1:The attorney listed the closing date of the billing period as 9/18/20, yet the bill itself lists 9/8/20 as the last date of service.

Footnote 2:One bill is not accounted for in Ms. Glaze's affirmation.

Footnote 3:The denial issuance date of 8/25/2020 set forth in paragraph 45 of the Glaze affirmation is a typographical error.