American Tr. Ins. Co. v Advanced Orthopaedics PLLC (2025 NY Slip Op 51093(U))

[*1]

American Tr. Ins. Co. v Advanced Orthopaedics PLLC

2025 NY Slip Op 51093(U)

Decided on July 11, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
Supreme Court, Kings County

American Transit Insurance Company, Plaintiff,

against
Advanced Orthopaedics PLLC a/a/o Norma Figueroa, Defendant.

Index No. 513030/2022

Aaron D. Maslow, J.

The following numbered papers were used on these motions:
NYSCEF Document Numbers 174-215.
Upon the foregoing papers, the Court having elected to determine the within motions on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED as follows:
Before the Court are a motion by Defendant Advanced Orthopaedics, PLLC and a cross-motion by Plaintiff American Transit Insurance Company, each seeking summary judgment in this post-No-Fault insurance arbitration de novo action.
This de novo action emanates from an arbitration conducted by American Arbitration Association (AAA) No-Fault Insurance Arbitrator Hersh Jakubowitz on October 21, 2021, in AAA Case No. 17-20-1153-6006. In an award dated October 27, 2021, Arbitrator Jakubowitz noted that Advanced Orthopaedics, PLLC (Applicant in the arbitration and Defendant herein) filed for arbitration to contest the denial by American Transit Insurance Company (Respondent in the arbitration and Plaintiff herein) of payment of one No-Fault bill (claim form). This followed a motor vehicle accident on January 24, 2019, in which non-party Assignor Norma Figueroa was allegedly injured and required health care treatment. Arbitrator Jakubowitz listed the amount in dispute as $5,825.43. He awarded that amount to Advanced Orthopaedics, PLLC in his award, finding that it made out its prima facie case of entitlement to compensation and rejecting American Transit Insurance Company's defenses to payment.
Thereafter, American Transit Insurance Company filed for master arbitration. The matter was assigned AAA Case No. 99-20-1153-6006. In an award dated March 14, 2022, Master Arbitrator Victor J. D'Ammora affirmed Arbitrator Jakubowitz's award in its entirety.
By summons and complaint, on May 5, 2022, American Transit Insurance Company commenced the within de novo action. This alternative to an Article 75 special proceeding to review an arbitration award is provided for in Insurance Law § 5106 (c), amidst the other statutory provisions of the Comprehensive Motor Vehicle Insurance Reparations act, also known as the "No-Fault Law." An extensive discussion of de novo litigation over No-Fault insurance claims which were arbitrated appears in the decision of the Appellate Division, Second Department earlier this year authored by Hon. Justice Colleen D. Duffy (see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., AD3d , 2025 NY Slip Op 01337 [2d Dept 2025]).
Suffice it to say, case law is clear that in a de novo action, the plaintiff is entitled to a full adjudication of the dispute concerning payment of No-Fault insurance benefits as though the arbitration never took place. In fact, in terms of the merits of the payment or nonpayment by the No-Fault insurer of the respective claims, reference to the arbitration result becomes unnecessary. While the monetary result of the arbitration (a minimum award of $5,000) provides the jurisdictional basis for the Court to consider the matter, the determinations of the arbitrators on the particular component issues raised are irrelevant. (See Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573 [1987]; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800 [2d Dept 2019]; Allstate Ins. Co. v Nalbandian, 89 AD3d 648 [2d Dept 2011]; Progressive Ins. Co. v Strough, 55 AD3d 1402 [2d Dept 2008]; Matter of Capuano v Allstate Ins. Co., 122 AD2d 138 [2d Dept 1986]). In effect, a de novo action regarding disputed No-Fault insurance bills must be litigated as though the hearing arbitration and the master arbitration never took place.
With that background, the Court now proceeds to determine the parties' motions for summary judgment. Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
"[A] [claimant] demonstrates prima facie entitlement to summary judgment by submitting evidence that payment of no-fault benefits are overdue, and proof of its claim, using the statutory billing form, was mailed to and received by the defendant insurer" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 501 [2015]). "[A] medical provider seeking reimbursement from a no-fault insurer demonstrates its entitlement to reimbursement of [*2]overdue benefits when it proves that it submitted a completed claim form to the insurer" (id. at 507).
Defendant Advanced Orthopaedics, PLLC relies on an attorney affirmation which purports to describe the procedural history herein, the facts of the matter, and its legal argument. The affirmation is supplemented with numerous exhibits. However notably the Defendant "failed to support its motion with evidence provided by an individual with personal knowledge of the facts" (Progressive Ins. Co. v Strough, 55 AD3d at 1403). The attorney who submitted an affirmation did not attest to personally mailing the subject NF-3 claim form (bill) or to receiving the appurtenant NF-10 denial; therefore, nobody with personal knowledge has authenticated the bills that Defendant claims were submitted.
In light of the foregoing, Defendant Advanced Orthopaedics, PLLC failed to make out a prima facie case of entitlement to summary judgment in this de novo action; it failed to establish that there is a lack of material issues of fact and that it is entitled to judgment as a matter of law. The sufficiency of Plaintiff American Transit Insurance Company's opposition need not be assessed. Defendant's motion for summary judgment must be denied.
By contrast, Plaintiff American Transit Insurance Company did support its cross-motion for summary judgment with affirmations by persons with personal knowledge of the facts. NYSCEF Doc No. 189 contains an affirmation from Cheryl Glaze, a No-Fault Claims Supervisor. In paragraphs 18-28 of her affirmation, Ms. Glaze described the bills received and the issuance of denials of claim asserting a lack of medical necessity and causality. However, there exist competing medical expert opinions which raise triable issues of material fact. The peer review and addendum provided by Dr. Margulies on behalf of Plaintiff is at odds with the rebuttal provided by Dr. Berkowitz on behalf of Defendant, regarding both the medical necessity and causality of the services rendered. These contrary expert opinion affirmations warrant a denial of Plaintiff's cross motion for summary judgment.
Inasmuch as neither Defendant nor Plaintiff has established its entitlement to summary judgment, both the motion and the cross-motion, each seeking summary judgment, are DENIED.